**James W. McCARTY, Sr.,
Plaintiff-Appellant,**

v.

**John P. SPARKS and Helen G. Sparks,
d/b/a Stop Five Tavern,
Defendants-Appellees.**

**No. 1–978A247.**

Court of Appeals of Indiana,
First District.

April 24, 1979.

Rehearing Denied May 25, 1979.

---

Vernon J. Petri, Doyal E. McLemore, Petri & Fuhs, Spencer, B. Michael McCormick, McCormick, Weber & Boswell, Terre Haute, for appellant.

Stephen L. Trueblood, Bolin & Trueblood, Terre Haute, for appellees.

ROBERTSON, Judge.

Plaintiff-appellant James W. McCarty, Sr. (McCarty) appeals a jury verdict in his favor on the issue of liability but assessing zero damages against defendants-appellees John P. Sparks and Helen G. Sparks, d/b/a Stop Five Tavern.

A full recitation of the facts is unnecessary for the reason that the alleged error, raised by a motion for a judgment on the evidence in McCarty's motion to correct errors (*See Ind. Rules of Procedure, Trial Rule 50(A)(4)*), concerns whether it was error for the jury to award no damages. In such a case, McCarty may only prevail if the evidence points "unerringly to a conclusion not reached by the jury." *Huff v. Travelers Indemnity Company*, (1977) Ind., 363 N.E.2d 985, 990 (citations omitted).

The parties entered into a stipulation of fact to the effect that John Sparks shot McCarty in the leg. Uncontroverted and unimpeached testimony was introduced which established that McCarty was taken to the emergency room, had his leg in a cast, incurred medical expenses, suffered loss of income, etc. Appellees correctly remind us that reviewing courts will not disturb a damage award on the grounds of inadequacy or excessiveness in the absence of a clear showing of passion, partiality or other improper motives by the fact-finder. *See, e. g., Green v. Oakley*, (1969) 145 Ind. App. 307, 250 N.E.2d 594. The issue here, however, is not whether the *amount* of damages was erroneously assessed, but whether the *fact* of damages was established such that a finding of no damages is "clearly erroneous as contrary to or not supported by the evidence . . .." TR. 59(E)(7). *See Huff, supra.*

The instant case is not analogous to the situation where there was evidence introduced which would support an inference that no damages were incurred, *Schutz v. Rose*, (1964) 136 Ind.App. 165, 196 N.E.2d 285, nor is it a case where an award of zero damages can be justified on the absence of proximate cause. *See Niemeyer v. Lee*, (1969) 144 Ind.App. 161, 245 N.E.2d 178. Here, the parties stipulated that John Sparks shot McCarty. This case is more closely aligned with *Read v. Malone*, (1978) Ind.App., 376 N.E.2d 494, wherein the trial court granted a new trial when the jury assessed zero damages despite undisputed evidence of injury. This court affirmed and declared that a verdict of no damages is contrary to the evidence if the plaintiff did indeed suffer injuries. Although *Read* was an affirmance of a trial court's grant of a new trial, we believe it applies with equal force when a new trial is denied and the *fact* rather than the *amount* of damages is uncontroverted. Therefore, we are compelled to reverse and remand for a new trial on the issue of damages.

The remaining issue raised and persuasively argued by McCarty is, in our opinion, addressed to the wrong forum inasmuch as it prays for a re-evaluation of the rule that the possibility of criminal punishment shields the defendant from punitive

damages in a tort action. While we fully concur with this Court's panel in *Glissman v. Rutt*, (1978) Ind.App., 372 N.E.2d 1188, that the rule may be ripe for reconsideration, we also agree with the *Glissman* panel that the subject should be addressed to our Supreme Court or the Legislature. *Glissman* also disposes of McCarty's claim that Sparks's conduct, as being in "heedless disregard of the consequences," is a viable exception to the general rule disallowing punitive damages. In this respect the trial court is affirmed.

Reversed and remanded.

LYBROOK, P. J., and LOWDERMILK, J., concur.