David McNALL, b/n/f Ralph McNall, and Ralph McNall, Plaintiffs-Appellants and Cross-Appellees,

v.

FARMERS INSURANCE GROUP, Defendant-Appellee.

No. 3–476A97.

Supreme Court of Indiana.

July 16, 1981.

Edward L. Murphy, Jr., Gilmore S. Haynie, Jr., Fort Wayne, for plaintiffs-appellants and cross-appellees; Livingston, Dildine, Haynie & Yoder, Fort Wayne, of counsel.

John M. Clifton, Jr., Joseph A. Bruggeman, Fort Wayne, for defendant-appellee; Barrett, Barrett & McNagny, Fort Wayne, of counsel.

ON PETITION TO TRANSFER

PRENTICE, Justice.

This case comes to us on the Petition to Transfer of Farmers Insurance Group. The relevant facts follow:

"David McNall was severely injured when the motorcycle upon which he was riding was struck by a motorcycle driven by Rick Waterson, an unlicensed, uninsured minor. Ralph McNall, David's father and a cross appellee in this action, had been issued three insurance policies by Farmers Insurance Group (hereinafter Farmers Insurance), all containing uninsured motorist coverage. Farmers Insurance denied liability under the policies because the motorcycle ridden by David was not an insured vehicle under any of the policies and secondly because David was allegedly contributorily negligent. Along with the denial of coverage and liability of the uninsured motorist, Farmers Insurance demanded that all claims under the policy be submitted to arbitration. The McNalls filed suit against Farmers Insurance to establish the existence of coverage, the status of Waterson as an uninsured motorist, his liability and the amount of the damages. Farmers Insurance filed motions to dismiss and for an order compelling the McNalls to proceed with arbitration pursuant to the policies. The trial court overruled these motions and granted summary judgment in

favor of the McNalls on the existence of coverage and found that Waterson was an uninsured motorist. The remaining issues of liability and damages were tried to a jury which found Waterson liable for the injuries sustained. It awarded Ralph $6,000 in damages and awarded David zero damages." *McNall v. Farmers Insurance Group*, (1979) Ind.App., 392 N.E.2d 520, 521–22.

The Court of Appeals reversed and remanded for a new trial on the issues of liability and damages. Petitioner presents but one issue as the basis for transfer.[1] It contends that " * * * the Court of Appeals erred in failing to specify a re-trial of both the derivative claim of the father and the primary claim of the son where the Court found competent evidence of a compromise verdict with regard to the claim of the son."

On retrial, Farmers Insurance will have the opportunity to relitigate the issue of David McNall's contributory negligence. Based upon the Court of Appeals' review of all the evidence, *Id.* at 526, it is possible that the jury will return a verdict against David McNall. The judgment in favor of Ralph McNall, David's father, depends upon his son's rights to recover. *Brown v. Slentz*, (1958) 237 Ind. 497, 147 N.E.2d 239. If the jury, on re-trial, finds against David McNall, the remedy of Farmers Insurance with respect to the award in favor of Ralph McNall, is a motion pursuant to Ind.R.Tr.P. 60(B)(7). Such a motion, presented within a reasonable time after a verdict favorable to Farmers Insurance, should result in relieving Farmers Insurance from the judgment rendered in favor of Ralph McNall.

The effect of the decision of the Court of Appeals is to give Farmers Insurance, the Petitioner in this Court, the opportunity to absolve itself of any liability owed to either plaintiff relating to this mishap.

The opinion of the Court of Appeals, therefore, is not against the party seeking transfer, and the petition to transfer is denied. Ind.R.A.P. 11(B)(1)(b).

1. This issue was presented by the Petition for Rehearing, which was denied without opinion.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.