**Diane K. CRUMP, Appellant (Plaintiff Below),**

v.

**Wanda J. RHODES, Appellee (Defendant Below).**

No. 2–785A239.[1]

Court of Appeals of Indiana, First District.

Feb. 12, 1986.

Rehearing Denied March 12, 1986.

---

1. Diverted from the Second District by direction    of the Chief Judge.

P. Gregory Cross, Perry W. Cross and Cross, Marshall, Schuck, Deweese, Cross & Feick, Professional Corp., Muncie, for appellant.

Michael Simmons, Hume, Smith, Geddes & Green, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Plaintiff-appellant Diane Crump (Crump) appeals from a judgment entered on a jury verdict in her favor and against defendant-appellee Wanda Rhodes (Rhodes).

We affirm.

On September 15, 1982, an automobile driven by Rhodes collided with a vehicle driven by Suzanne Ashcraft at the intersection of Twelfth and Gharkey Streets in Muncie, Indiana. Domini Kiser (Kiser), the three-year-old daughter of Crump, was a passenger in Ashcraft's car. As a result of the collision, Kiser suffered severe injuries to her right foot and ankle, requiring a number of surgeries and eventually necessitating the amputation of two toes and a portion of her foot. Medical expenses incurred for Kiser's treatment totalled $24,-407.89.

A complaint was filed on behalf of Kiser and Crump against Rhodes, praying for damages proximately caused by Rhodes's negligence. The jury returned verdicts against Rhodes in favor of Kiser and Crump:

> We, the Jury, find for the plaintiff, Domini Kiser, and against the defendant, Wanda J. Rhodes and assess the damages of the plaintiff, Domini Kiser, in the sum of $80,757.00 .... We the jury pray that $50,000.00 of the funds awarded to Domini A. Kiser be placed in an interest bearing trust fund for Domini A. Kiser until she reaches the age of 21.
>
> We, the Jury, find for the plaintiff, Diane Crump, and against the defendant, Wanda J. Rhodes and assess the damages of the plaintiff, Diane Crump, in the sum of $5,000.00 ....

From a judgment entered on the verdicts, Crump perfected this appeal. Crump maintains that the size of the verdict in her favor was inadequate as a matter of law.

The court of appeals is bound by a strict standard of review on questions of inadequate damages. The reviewing court looks only to the evidence and the inferences therefrom which support the award. A judgment for damages will be reversed as inadequate only when the amount of damages assessed by the jury is so low as to show that the jury considered some improper element or that the jury was motivated by prejudice, passion, partiality or corruption. *English Coal Co. v. Durcholz*, (1981) Ind.App., 422 N.E.2d 302, 311.

Crump avers that the jury considered an improper element in arriving at its assessment, because she was awarded only $5,000 when the uncontroverted evidence established that the medical expenses for Kiser's treatment prior to trial totalled $26,407.89. Damages will not be deemed the result of improper considerations unless the size of the award cannot be explained on any other reasonable ground. *Cauldwell, Inc. v. Patterson,* (1961) 133 Ind.App. 138, 177 N.E.2d 490. The size of Crump's award can reasonably be explained on the ground that the jury included damages for medical expenses in its verdict for Kiser.

The Indiana Supreme Court announced in *Scott County School District One v. Asher,* (1975) 263 Ind. 47, 324 N.E.2d 496, that both the parent and the child are liable upon suit by the doctor or the hospital, and consequently either the parent or the child may be compensated for the reasonable value of medical expenses incurred in the treatment of the child. The jury instructions in the instant case did not preclude an award of pre-existing medical expenses to Kiser. In Instruction Number 27, the jury was informed that it could consider future medical expenses in its assessment of damages sustained by Kiser. According to Instruction Number 28, the jury could consider past medical expenses incurred as a result of Kiser's injuries in determining the amount of money which would compensate Crump. The jury was further advised that instructions as to the measure of damages were intended for the jury's guidance. No instruction told the jury that past medical expenses could be awarded only to Crump.

The record is sufficient in the instant case to justify an inference that the jury included damages for past medical expenses in its award to Kiser. The award to Kiser in the odd amount of $80,757 suggests that the medical expenses of $26,407 were considered by the jury in compensating Kiser. By an addition to the verdict form, the jury proposed a division of Kiser's award: $50,000 was to be placed in trust, presumably to meet future expenses, while the remainder of approximately $30,-000 was to be given to the child. This surplusage on the verdict form indicates that the jury contemplated satisfaction of existing expenses out of Kiser's award and satisfaction of future expenses out of a trust fund. The odd amount of Kiser's verdict and the notations made by the jury on the Kiser award support an inference that the jury elected to include the past medical expenses in the damages given to Kiser.

An explanation exists for the verdict to Crump in the amount of $5,000. Therefore, we will not reverse the award as inadequate.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, J., concurs in result.