Michelle DEE and Pamela Dee, Appellants–Plaintiffs,

v.

Michael BECKER, Appellee–Defendant.

No. 49A02–9308–CV–446.

Court of Appeals of Indiana, Second District.

June 23, 1994.

William Levy, Yosha, Ladendorf & Todd, Indianapolis, for appellants.

Thomas A. Withrow, Scott S. Morrisson, Henderson, Daily, Withrow & Devoe, Indianapolis, for appellee.

KIRSCH, Judge.

Michelle and Pamela Dee appeal from the trial court's denial of their request for a new trial following a favorable jury verdict on their personal injury complaint. The jury awarded Michelle $6,000 in damages, but Pamela was awarded nothing. We affirm the judgment as to Michelle, but reverse the judgment as to Pamela and remand for a new trial.

## ISSUE

We restate the issue for our review as whether the jury's award of damages was inadequate as a matter of law.

1. In her complaint, Michelle also asked for lost wages as an element of her damages. No evidence of lost wages was introduced at trial, and an instruction regarding lost wages was refused. This element of damages is not at issue in this appeal.

2. At the time of the accident, Michelle was an unemancipated minor. Either Michelle or her

## FACTS

Michelle and Pamela Dee filed a negligence action against Michael Becker for damages resulting from a collision between automobiles driven by Becker and then 16-year-old Michelle. Becker admitted liability for the accident, and the sole issue tried to the jury was the amount of damages due Michelle and her mother, Pamela. Michelle claimed damages for pain and suffering and permanent impairment,[1] while Pamela sought reimbursement for Michelle's medical expenses.[2]

Michelle testified to her injuries and her resulting pain and suffering. Her doctor identified Michelle's injuries as soft tissue injuries which required physical therapy and carpal tunnel syndrome, in her right hand, which was relieved by surgery. Evidence was introduced to link all of Michelle's physical complaints to the accident and no evidence of any alternate cause was introduced.

Pamela claimed damages of $6,431.16 as the actual cost of Michelle's medical expenses. These costs included emergency room services, treatment by Michelle's family doctor and by her treating physician, physical therapy, and surgery for her carpal tunnel syndrome. A portion of these expenses was paid by the Dee's insurance company, but Pamela is required to repay the company.

## DISCUSSION AND DECISION

We apply a strict standard when reviewing a jury verdict containing a damage award claimed to be excessive or inadequate. The verdict will be reversed only when it is apparent from a review of the evidence that the amount of damages awarded by the jury is so small or so great as to clearly indicate that the jury was motivated by prejudice, passion, partiality, corruption or that it considered an improper element. *Wagner v.*

mother Pamela could recover Michelle's necessary and reasonable medical expenses. *See Scott County Sch. Dist. One v. Asher* (1975), 263 Ind. 47, 52, 324 N.E.2d 496, 499. The Dees elected to have Pamela claim Michelle's medical expenses, and Becker agreed to that election. Record at 88 and 93.

*Riley* (1986), Ind.App., 499 N.E.2d 1155, 1156. The jury's damage award will not be deemed the result of improper considerations if the size of the award can be explained on any reasonable ground. *Id.*

■ Michelle's claim that the jury's award was inadequate is without merit. Although Michelle offered no evidence of any fixed monetary amount of damages, the jury awarded Michelle $6,000 for her pain and suffering and related damages from the accident. Damages for pain and suffering are of necessity a jury question which may not be reduced to fixed rules and mathematical precision. *See Rondinelli v. Bowden* (1973), 155 Ind.App. 582, 293 N.E.2d 812, 814. Where, as here, the damages cannot be calculated with mathematical certainty, the jury has liberal discretion in assessing damages. *See Kavanagh v. Butorac* (1966), 140 Ind.App. 139, 145, 221 N.E.2d 824, 828.

In assessing her damages, the jury may simply have disbelieved Michelle's claims of permanent impairment. She presented no evidence of lost wages or income, and her allegations that she was expelled from school and lost her job due to the accident were contested by Becker's contrary evidence. In personal injury cases, the trier of fact is not required to award substantial damages for lost income, permanent impairment, or pain and suffering; an award of no damages or only nominal damages for these items may be appropriate if the evidence so warrants. *See Baker v. Champion Motor Home Co.* (1987), Ind.App., 505 N.E.2d 144, 149–150, *trans. denied.* Because Michelle's damages as assessed by the jury were not so small as to suggest that the jury was motivated by prejudice, passion or some improper element, that award will not be reversed. *See Wickizer v. Medley* (1976), 169 Ind.App. 332, 336, 348 N.E.2d 96, 99. We therefore affirm the trial court's entry of judgment upon the jury verdict awarding Michelle $6,000.

■ We cannot say the same for the jury's zero damage award on Pamela's claim. The law in Indiana allows an injured plaintiff damages for the reasonable cost of necessary medical expenses. *See Smith v. Syd's, Inc.* (1992), Ind., 598 N.E.2d 1065, 1066. It was possible for the jury to conclude that Michelle's actual medical expenses were not reasonable and award damages in an amount less than those expenses, although the actual amount paid for medical expenses can be evidence of the reasonable value of the services provided. *See Herrick v. Sayler* (N.D.Ind.1958), 160 F.Supp. 25, 29. It is the jury's responsibility to evaluate the reasonableness of claimed damages, and, for that reason, a verdict slightly below the claimed special damages would not be reversible. *See Cox v. Winklepleck* (1971), 149 Ind.App. 319, 271 N.E.2d 737.

■ Here, given the admission of liability, our assessment of the adequacy of the jury's award to Pamela turns upon "whether the *fact* of damages was established such that a finding of no damages is 'clearly erroneous as contrary to or not supported by the evidence …'" *McCarty v. Sparks* (1979), 180 Ind. App. 251, 252, 388 N.E.2d 296, 297 (emphasis in original) (citations omitted). The jury's award of damages to Michelle shows that the jury found she had suffered injuries as a result of the accident. The uncontested[3] medical testimony established that the cost of treating those injuries was more than six thousand dollars.

Once liability and damages were established, a verdict for substantially less than the uncontroverted damages was error:

> "Where the trier of fact has found in favor of the plaintiff on the issue of liability, and the evidence relating to injury is uncontroverted and establishes a substantial injury proximately caused by the defendant's negligence, an assessment of damages inconsistent with the uncontroverted evidence is improper and will be reversed."

*McNall v. Farmers Ins. Group* (1979), 181 Ind.App. 501, 509, 392 N.E.2d 520, 525, *trans. denied,* Ind., 423 N.E.2d 593. Considering the evidence in the light most favorable to the verdicts, we find that the plaintiffs produced evidence showing that Pamela incurred medical expenses of more than $6,325

---

3. On cross-examination of Pamela, Becker challenged two of Michelle's medical bills. The two challenged bills totalled only $105, leaving unchallenged medical expenses of $6,325.16.

in caring for Michelle. The jury's award of zero damages to Pamela on uncontroverted evidence of medical costs of at least $6,325 is therefore inconsistent with the establishment of liability and damages and requires reversal.

▮ Becker contends that the award of $6,000 to Michelle was intended by the jury to be compensation for the medical expenses claimed by Pamela, referring us to *Crump v. Rhodes* (1986), Ind.App., 488 N.E.2d 741, *trans. denied.* We find no merit in this argument. *Crump* involved a jury award of $5,000 to a mother for her daughter's medical expenses of $24,407.89. There the jury noted on the verdict form that part of the daughter's award was to be held in trust. The remaining balance, which was sufficient to pay the medical expenses, was in an odd amount which led this court to conclude that it incorporated the medical expenses. As we explained: "The odd amount of [the daughter's] verdict and the notations made by the jury on the [daughter's] award support an inference that the jury elected to include the past medical expenses in the damages given to [the daughter]." *Crump*, 488 N.E.2d at 743.

No circumstances supporting such an inference are present here; instead, the jury was instructed that it was Pamela who was claiming the medical expenses and that it was also Pamela to whom they might award such damages. Before commencing their deliberation in this case, the jury was instructed as follows:

### AGREED ISSUE INSTRUCTION

This lawsuit has been brought by the plaintiffs, Michelle Dee and Pamela Dee, against the defendant, Michael Becker, as the result of a motor vehicle collision which occurred on November 13, 1990, at the intersection of Carlisle Street and North Indiana Street, in Mooresville, Indiana.

There is no issue of liability in this case as the defendant has admitted full responsibility for the collision. Therefore, the only issue for your consideration is the nature and extent of the injuries or damages sustained by the plaintiffs, Michelle Dee and Pamela Dee, as a result of the November 13, 1990 accident with Michael Becker.

Michelle Dee claims that she sustained personal injuries, which were proximately caused by the defendant, Michael Becker. *Pamela Dee claims recovery of the medical expenses she paid on behalf of Michelle,* as well as a claim for the loss of Michelle's services until Michelle turned 18 years of age. The extent of those injuries related to the accident, and the amount of money damages to be awarded to the plaintiffs is the only issue for your determination.

Plaintiffs have the burden of proving their respective claims and damages by a preponderance of the evidence. (emphasis added).

Record at 93.

Similarly, the court's Final Instruction 12 provided that medical expenses were sought only by Pamela and were not to be considered in determining damages sustained by Michelle. The instruction provided:

The Court instructs you that in determining what amount of money damages that Michelle Dee and Pamela Dee are entitled to recover in this case, you may consider the following elements of damages:

In assessing damages for the plaintiff, Michelle Dee, you may consider:

a. The nature and extent of her injuries, and the effect of the injury itself on her ability to function as a whole person;

b. Whether the injuries are temporary or permanent;

c. The physical pain and mental suffering experienced and reasonably certain to be experienced in the future as a result of the injuries;

d. Michelle Dee's, age at the time she received her injuries which has been proved to be sixteen (16) years and the life expectancy of a female person of that age which has been proven to be an additional 61.09 years.

In assessing damages for Pamela Dee, Michelle Dee's mother, you may consider:

a. The reasonable expense of necessary medical care, treatment and services rendered to Michelle Dee in the past.

Record at 119.

On appeal, we will presume the jury followed the law contained within the trial court's instructions and applied that law to the evidence before them. *Shane v. Fields* (1963), 135 Ind.App. 353, 359, 190 N.E.2d 195, 198. In light of the instructions and evidence, the jury could not have intended to include the medical expenses within the amount awarded to Michelle. Becker fails to persuade us that *Crump* dictates a contrary result as its application should be limited to those cases in which there is extrinsic evidence that the jury actually included the medical expenses claimed by one party within the award to another.

Becker contends that the jury could properly refuse to award damages to Pamela for those medical expenses paid by her insurance, citing *Adams v. McClevy* (1991), Ind. App., 582 N.E.2d 915. *Adams* suggested that where medical expenses paid by insurance are the only item of damages claimed and where the insurer would not demand repayment unless the plaintiff recovered a judgment, a jury verdict denying recovery could be upheld. This suggestion was dicta; no Indiana court has so held, and we do not do so in this action.

Becker also directs us to IC 34–4–36–2 in support of the same contention. Under that Section, evidence of collateral source payments, with some exceptions,[4] and proof of any repayment required of plaintiff is admissible in determining damages. IC 34–4–36–2 (1988 Ed.).

The purpose of Chapter 36 is to "enable the trier of fact in a personal injury or wrongful death action to determine the actual amount of the prevailing party's pecuniary loss" and "[t]o provide that a prevailing party not recover more than once from all applicable sources for each item of loss sustained." IC 34–4–36–1 (1988 Ed.). Given Pamela's

obligation to repay her insurance company for the medical expenses it paid, from any recovery, there is no danger of double recovery; consequently, the jury should not be allowed to reduce Pamela's recovery for the medical expenses resulting from the accident by the amount paid under her policy.

In addition, part of Michelle's medical expenses were not paid by her mother's insurance. Record at 455. Some award must be made for the unpaid expenses, yet the jury awarded nothing. The jury's award of nothing for the portion of Michelle's medical expenses which were not paid by her mother's policy is contrary to the establishment of liability and damages; this alone would mandate reversal. *See McNall,* 392 N.E.2d at 525.

The uncontradicted evidence shows that the collateral source payments were made under Pamela's insurance policy, that Pamela will have to repay the medical expenses paid by her insurance company from her recovery and that the policy did not pay all of the medical expenses. The fact of Pamela's damages was established. The award of no damages is clearly erroneous.

Because we have determined that Pamela is entitled to relief from the jury verdict, we must now prescribe appropriate relief on remand. Ind.Appellate Rule 15(N) requires us to correct the error or direct the court below to enter final judgment without a new trial unless impracticable, improper, or unfair to the parties. The rule further provides that if we grant a new trial, it should be limited to only those parties and issues affected by the error unless impracticable or unfair. If we find that a jury verdict is inadequate or excessive, we ordinarily should order a new trial. To act otherwise would involve us in speculation about the jury's reasons for assessing the damages it awarded. *See State v. Church of the Nazarene of Logansport* (1978), 268 Ind. 523, 377 N.E.2d 607, 610, (court of appeals opinion vacated for improper remittitur; new trial granted). Additur or

---

4. One of the exceptions to IC 34–4–36–2 excludes from evidence those benefits from insurance for which the plaintiff or the plaintiff's family paid. IC 34–4–36–2(1)(B). Here, the payments were made under Pamela's automobile insurance policy. Assuming that Pamela or her family paid the premiums for such policy, evidence of those payments was not properly admissible and should not have been considered by the jury. *Id.*

remittitur to the original verdict is appropriate only where the excess or insufficiency is definite. *Indianapolis Transit, Inc. v. Moorman* (1963), 134 Ind.App. 572, 189 N.E.2d 111. Because the jury is not bound to award Pamela the exact amount of her medical expenses, *Herrick*, 160 F.Supp. at 29, her damages are not definite, and additur would be improper.

Becker has admitted liability for the accident, so the sole issue for trial on remand is the amount of resulting damages. Our conclusion that the jury failed to award medical expenses affects only Pamela's verdict, so a new trial on Michelle's claims is not necessary. *See Hunter v. Byrd* (1992), Ind.App., 602 N.E.2d 1052, 1056.

We reverse the judgment awarding no damages to Pamela and remand the case for a new trial only on the medical expenses she incurred as Michelle's mother. We affirm the judgment of $6,000 for Michelle.

SULLIVAN and NAJAM, JJ., concur.