Kristy CHILDRESS, Appellant–
Defendant,

v.

Brian D. BUCKLER, Appellee–
Plaintiff.

No. 48A05–0110–CV–430.

Court of Appeals of Indiana.

Nov. 25, 2002.

Marc Lloyd, Warrior Litigation Counsel, Indianapolis, IN, Attorney for Appellant.

Robert T. Dassow, Hovde Law Firm, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Kristy Childress ("Childress"), appellant, appeals from the Madison Circuit Court's decision to grant appellee Brian D. Buckler's ("Buckler") Motion to Correct Error and Request For Additur, For Attorney Fees For Pursuit of Frivolous Defense, and For Renewal of the Motion for

Sanctions Pursuant to Trial Rule 37. Childress raises the following three issues on appeal:

I. Whether the trial court abused its discretion when it granted Buckler's Motion to Correct Error and Request for Additur pursuant to Indiana Trial Rule 59(J)(5);

II. Whether the trial court erred when it granted Buckler's Motion for Attorney Fees For Pursuit of Frivolous Defense pursuant to Indiana Code section 34–52–1–1; and,

III. Whether the trial court erred when it granted Buckler's Motion for Sanctions pursuant to Trial Rule 37(C).

We affirm.[1]

### Facts and Procedural History

On September 16, 1998, Buckler, who resided in Albany, Indiana at the time, was traveling northbound in his vehicle on State Road 37 in Elwood, Indiana. At the same time that Buckler passed a grocery store parking lot, Childress exited the parking lot in her vehicle. Childress faced west and intended to turn left onto southbound State Road 37. The right front of Childress' vehicle struck the right rear of Buckler's vehicle, causing Buckler's vehicle to spin. Buckler's vehicle was towed from the accident scene because its frame and suspension were bent as a result of the collision. Buckler's property damage totaled $2458.00. Appellee's App. p. 202.

Immediately following the collision, Buckler had no complaints of pain and continued his work for the day. Buckler testified that later that evening he felt nauseous, but it was not until the next day that Buckler suffered from enough pain to cause him to visit a physician. *Id.* at 194–96. Buckler did not have a family doctor. Buckler was on an employment-related appointment in Anderson on September 17, when his coworker took him to an emergency care clinic. Dr. Smith, a physician at the clinic, examined Buckler, took X-rays, and prescribed muscle relaxants and pain relievers. Dr. Smith diagnosed Buckler with "cervical strain" and instructed Buckler to take the medication, apply ice, and be rechecked as needed. *Id.* at 36.

On September 23, 1998, one week after visiting the emergency care clinic, Buckler met with Dr. Kim L. Nybert, a licensed chiropractor. Dr. Nybert was licensed in 1980, and had treated about 8000 people during his twenty-one years in practice. *Id.* at 156. Buckler treated with Dr. Nybert for eight weeks, until November 25, 1998. During that time period, Buckler met with Dr. Nybert twenty times, once for an initial consultation, and the other nineteen times for adjustments.

Buckler filed his Complaint for Damages on January 14, 2000. On February 28, 2000, Childress submitted Affirmative Defenses to the court, including the defense that Buckler was more than fifty percent at fault for the accident, and his fault included one or more of the following: negligence, incurred risk, assumed risk, failure to avoid injury, and failure to mitigate damages. Appellant's App. pp. 3–4.

On May 30, 2000, Buckler served Childress with a Request for Admission. Buckler requested that Childress admit five things: 1) that the accident was one hundred percent her fault, 2) that no com-

---

1. We note that Childress did not include the chronological case summary or the jury verdict in her Appellant's Appendix, all of which are required parts of the appendix pursuant to Indiana Appellate Rule 50(A)(2). Although this error does not act as a waiver of an issue or argument, *see* App. R. 49(B), we admonish Appellant's counsel to pay heed to the appellate rules when preparing future appeals.

parative fault was due to Buckler, 3) that the medical treatment Buckler received from Drs. Smith and Nybert was reasonable and necessary, 4) that Buckler's medical expenses for treatment related to the accident was $2649.00, and 5) that the medical bills attached thereto were reasonable and necessary. Childress denied all five requests slightly more than one week later, on June 8, 2000. *Id.* at 6–7.

Six months later, during her December 5, 2000 deposition, Childress admitted liability. Childress also testified at her deposition that she had not seen Buckler's Request for Admission or her alleged answers prior to the day of the deposition. *Id.* at 14.

On December 27, 2000, Buckler filed a Motion for Sanctions Pursuant to Trial Rule 37 and Request for Hearing, alleging that because Childress improperly failed to admit all five requests for admissions, Buckler was required to depose Childress to prove the illegal failure to admit. Buckler requested reimbursement for the cost of the court reporter at the deposition, $151.00, and attorney fees incurred preparing and taking Childress' deposition, researching and writing the motion for sanctions and accompanying brief, and time for attending a court hearing, $2038.35. *Id.* at 19–26. The court held a conference on March 7, 2001, at which time the court took the motion under advisement. On June 8, 2001, the court again continued the motion for discovery sanctions until the parties completed discovery.

At the June 21, 2001 trial, Childress again admitted that Buckler had the right-of-way, and that Buckler could not have done anything to avoid the accident. *Id.* at 129. She also agreed that to her knowledge, Buckler did nothing wrong, and she admitted that had she waited for the vehicles in the turn lane that were obstructing her view to turn into the parking lot, she would have been able to see Buckler's vehicle on State Road 37, and she would not have pulled into the roadway or Buckler's vehicle. *Id.* at 149.

Also at trial, Dr. Nybert testified that Buckler was a very good patient and that he responded very well to treatment. Dr. Nybert also testified that Buckler's chart identified two instances where Buckler's injuries were exacerbated. *Id.* at 163. Dr. Nybert repeatedly explained that such "flair ups" were usual during the healing process, as with any other type of injury or illness. *Id.* at 163–64, 182, 184–87.

The total cost of Buckler's medical treatment was $2649.00. Dr. Nybert testified that all of Buckler's treatment was reasonable, necessary and causally related to the accident. *Id.* at 164–65. Buckler also testified that he had lost wages of $1500.00 to $2000.00. *Id.* at 200. Childress presented no contrary medical or wage loss evidence.

At the close of evidence, Buckler's counsel orally moved for Judgment on the Evidence under Indiana Trial Rule 50, arguing that there was no evidence that Buckler did anything wrong with regard to the accident. *Id.* at 234–35. The trial court judge granted the motion with regard to comparative fault, but denied the motion with regard to Buckler's medical expenses. *Id.* at 135. After the parties submitted closing arguments to the jury, and the jury began deliberations, the court again continued the hearing on Buckler's motion for discovery sanctions under Trial Rule 37. *Id.* at 284. That same day, the jury returned its verdict for Buckler in the amount of $1639.00. *Id.* at 286.

On July 11, 2001, Buckler filed a Motion to Correct Error and Request for Additur, for Attorney Fees for Pursuit of Frivolous Defense, and for Renewal of the Motion for Sanctions Pursuant to Trial Rule 37.

On September 10, 2001, the trial court granted Buckler's motion to correct error and request for additur, and entered judgment in favor of Buckler for $4149.00, which amount included Buckler's total medical expenses of $2649.00 and his lost wages of $1500.00. Appellee's App. p. 11. The trial court also granted Buckler's Motion for Attorney Fees for Pursuit of Frivolous Defense and awarded him $1969.00 in attorney fees. *Id.* at 11–12. Lastly, the trial court granted Buckler's Renewed Motion for Sanctions Pursuant to Trial Rule 37 and awarded him $2189.35 in reasonable attorney fees for failure to admit. *Id.* at 12–15. Childress now appeals. Additional facts will be provided as necessary.

## I. Motion to Correct Error

### A. *Standard of Review*

A trial court has broad discretion to correct error. *Russell v. Neumann–Steadman,* 759 N.E.2d 234, 236 (Ind.Ct. App.2001) (citation omitted). We will reverse a trial court's decision to grant a motion to correct error for an abuse of discretion, and reversal will only occur when the trial court's decision was against the logic and effect of the facts and circumstances before it, together with the inferences that can be drawn therefrom. *Id.* (citation omitted). Additionally, a trial court's abuse of discretion may result when its decision is without reason or is based upon impermissible considerations. *Id.* (citation omitted).

### B. *Argument*

Childress argues that the trial court abused its discretion when it granted Buckler's Motion to Correct Error pursuant to Indiana Trial Rule 59(J)(5) and awarded $4149.00 to Buckler, after the jury rendered a verdict of $1639.00. Trial Rule 59(J)(5) provides:

The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors: . . . (5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur.

Ind. Trial Rule 59(J)(5). This remedy is only available when the evidence is insufficient to support the verdict as a matter of law. *Russell,* 759 N.E.2d at 237 (citation omitted).

Trial courts must afford juries great latitude in making damage award determinations. *Id.* (citing *Precision Screen Machs., Inc. v. Hixson,* 711 N.E.2d 68, 70 (Ind.Ct.App.1999)). A verdict must be upheld if the award determination falls within the bounds of the evidence. *Id.* (citation omitted). Additionally, a trial court may only reverse a jury's award determination "when it is apparent from a review of the evidence that the amount of damages awarded by the jury is so small or so great as to clearly indicate that the jury was motivated by prejudice, passion, partiality, corruption or that it considered an improper element." *Id.* (quoting *Dee v. Becker,* 636 N.E.2d 176, 177 (Ind.Ct.App. 1994)).

Indiana follows the general tort principle that all damages directly attributable to the wrong are recoverable by the victim. *Id.* (citation omitted). The law also allows an injured plaintiff to recover reasonable costs of necessary medical treatment. *Id.* (citing *Dee,* 636 N.E.2d at 178).

In this case, the trial court entered judgment on the evidence as to fault, and determined that no comparative fault was attributable to Buckler. As a result of the

accident, Buckler treated with Dr. Smith the next day at an emergency care clinic in Anderson and then began treating with Dr. Nybert one week later, September 23, 1998. After treating with Dr. Nybert for eight weeks, Buckler's pain was gone.

The trial court admitted documents submitted by Buckler that detailed the costs of his medical treatment. Buckler's "Medical Summary" lists his initial appointment with Dr. Smith at the emergency care clinic, and all of his subsequent appointments with Dr. Nybert, from September 23, 1998 to and including November 25, 1998. Ex. Vol., Plaintiff's Ex. 2. The total cost was $2649.00. Buckler also testified as to the amount of wages he lost as a result of the accident and resulting injury. He estimated that he lost between $1500.00 and $2000.00 based upon a lowered base salary and commissions for a three to four week time period following the accident. Appellee's App. p. 200.

Dr. Nybert testified as to the necessity of all of Buckler's appointments, to the reasonableness of the costs of such treatment, and to the fact that Buckler did in fact have two "flair-ups" during the treating time period. *Id.* at 163. Dr. Nybert testified that such irritations or flair-ups are normal as the patient heals. Importantly, Childress did not contradict any part of Dr. Nybert's testimony, any of Buckler's documents detailing reasonable medical costs, or Buckler's testimony as to his lost wages, with witnesses or documents of her own. Therefore, the sole and uncontroverted evidence at trial supported a determination that Buckler's medical expenses and lost income was between $4149.00 and $4649.00.

Because all damages directly attributable to the wrong are recoverable by the victim, including reasonable costs of necessary medical expenses, the jury's award of $1639.00 to Buckler was substantially inadequate. Under these facts and circumstances, the trial court did not abuse its discretion when it granted Buckler's Motion to Correct Error and replaced the jury's inadequate award with one that fell within the bounds of uncontested evidence.

## II. Attorney Fees for Pursuit of Frivolous Defense

### A. *Standard of Review*

■ Buckler requested that the trial court award him attorney fees for that portion of his total fees that were expended to prove Childress's pursuit of the alleged frivolous defense of comparative fault. The trial court entered an order granting Buckler $1960.00 in attorney fees based upon Indiana Code section 34-52-1-1, which provides in relevant part:

(a) In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind.Code § 34-52-1-1(a), (b) (1998). The review of an award or denial of fees under this section proceeds through a multi-step process. *Grubnich v. Renner*, 746 N.E.2d 111, 119 (Ind.Ct.App.2001), *trans. denied* (citation omitted).

First, the trial court's findings of fact are reviewed under a clearly erroneous standard. Second, the trial court's legal conclusions are reviewed *de novo.* Lastly, the trial court's decision to award attorney

fees and the amount are reviewed under an abuse of discretion standard. *Id.* (citing *Emergency Physicians of Indianapolis v. Pettit,* 714 N.E.2d 1111, 1115 (Ind.Ct. App.1999), *adopted in relevant part,* 718 N.E.2d 753 (Ind.1999)).

### B. *Argument*

Childress argues that the trial court erred when it granted Buckler $1960.00 in attorney fees attributable to the litigation of a frivolous defense. Specifically, Childress argues that there was a good faith rational basis for her defense of comparative fault, which included failure to mitigate damages. The trial court's applicable findings of fact are:

10. Based upon the unequivocal evidence presented at trial, Plaintiff established that Defendant's pursuit of the defense of comparative fault was frivolous and groundless.

11. Defendant maintained the frivolous defense throughout trial.

13. Defendant, in accordance with her deposition, testified that Plaintiff had no fault for causing the accident. She further testified that the Plaintiff could have done nothing to avoid the accident.

Appellant's App. p. 11.

"In reviewing the findings of fact, we neither reweigh the evidence nor judge witness credibility, but rather we review only the evidence and reasonable inferences drawn therefrom that support the trial court's findings and decision." *Davidson v. Boone County Area Plan Comm'n,* 745 N.E.2d 895 (Ind.Ct.App. 2001) (citing *Kahn v. Cundiff,* 533 N.E.2d 164 (Ind.Ct.App.1989), *aff'd,* 543 N.E.2d 627 (Ind.1989)). Additionally, we will only reverse the trial court under the clearly erroneous standard if, after reviewing the record, "we are left with a definite and firm conviction that a mistake has been made." *Id.* (citing *Kahn,* 533 N.E.2d at 164).

The record reveals that Childress first raised the defense of comparative fault, including the failure to mitigate damages, when she filed her notice of affirmative defenses on February 28, 2000, just six weeks after Buckler filed his complaint for damages. Appellant's App. p. 3. Then on June 8, 2000, Childress denied Buckler's request for admission that stated that no comparative fault was attributable to Buckler. *Id.* at 6. Nevertheless, at her December 5, 2000 deposition and her June 21, 2001 trial, Childress admitted that Buckler did nothing wrong in the accident. Appellee's App. pp. 14–16, 129, 149. Despite Childress' admissions that Buckler did nothing wrong and that he could not have avoided the accident, the defense of comparative fault was maintained throughout the trial. Childress clearly "had an obligation to reevaluate and determine the propriety of continuing" the defense of comparative fault. *Owens v. Schoenberger,* 681 N.E.2d 760, 768 (Ind.Ct.App.1997).

Childress nonetheless argues that failure to mitigate damages, as included in the affirmative defense of comparative fault was a reasonable defense to maintain. Fault includes the "[u]nreasonable failure to avoid an injury or to mitigate damages." Ind.Code § 34–6–2–45 (1998). The burden of proving that Buckler did not use reasonable diligence to mitigate his damages was on Childress. *Deible v. Poole,* 691 N.E.2d 1313, 1315 (Ind.Ct.App.1998), *aff'd,* 702 N.E.2d 1076 (Ind.1998).

Childress first complains that Buckler did not attempt to avoid the accident. Nevertheless, as Childress admits, she was the only one of the two cars governed by a stop sign, Buckler had the right-of-way when he was traveling northbound on State Road 37, and she should have waited

until her view was unobstructed before entering the roadway. Appellee's App. pp. 126–27.

Childress next argues that Buckler failed to mitigate his damages because after his initial doctor visit at the emergency care clinic, he waited one week and began treating with Dr. Nybert rather than the original treating physician. Br. of Appellant at 13. In her brief, Childress misstates the record. She argues that Buckler was to be rechecked by Dr. Smith; however, Dr. Smith's medical exam report states that Buckler should get rechecked as needed, not that he was to specifically check in with Dr. Smith, a physician who was not Buckler's family doctor, who was not located in Buckler's hometown, and who happened to be working at the Anderson emergency care clinic that day. Appellee's App. p. 36. One week's time delay between an initial doctor visit, at which Buckler received pain medication, and follow-up care with his family or local doctor is not so egregious as to amount to a rational basis for Childress's comparative fault defense of failure to mitigate damages. Therefore, we conclude that the trial court's findings of fact were not clearly erroneous.

Next, the trial court's applicable conclusions of law were:

12. I.C. 34–1–32–1 requires a litigant to reevaluate and determine the propriety of continuing and determine the propriety of continuing with a defense throughout the course of discovery.

14. Pursuant to I.C. 34–1–32–1 et seq., Defendant's conduct warrants the imposition of sanctions and attorney fees. *Grubnich v. Renner,* 746 N.E.2d 111, 119 (Ind.[Ct.]App. 2001)[, *trans. denied* ]; *Owens v.*

*Schoenberger,* 681 N.E.2d 760, 767 (Ind.[Ct.]App.1997).

15. As established by Plaintiff's counsel's affidavit, Plaintiff is entitled to $1960.00 in reasonable attorney fees.

Appellant's App. p. 11.[2]

As stated previously, we review legal questions *de novo. Grubnich,* 746 N.E.2d at 119 (citation omitted). In so doing, we note that Childress maintained that she had a defense of comparative fault throughout the proceeding, even though she admitted during deposition and at trial that no fault for the accident was attributable to Buckler and that he could not have avoided the accident. We further note that Childress failed to present any competent evidence whatsoever of Buckler's alleged failure to mitigate or to contradict Buckler's expert's testimony that flair-ups and irritations to the injury are a normal part of the healing process. We therefore conclude that the trial court's legal conclusions were proper.

Lastly, we review the trial court's award of attorney fees and the amount of the award for an abuse of discretion. *Grubnich,* 746 N.E.2d at 119 (citation omitted). Along with his motion for attorney fees for pursuit of frivolous defense, Buckler attached an Attorney Fee Affidavit of Robert T. Dassow, wherein Dassow stated that Buckler's attorney fees incurred pursuant to Childress's pursuit of the frivolous defense were $1960.00. This evidence was completely uncontroverted. Under these facts and circumstances, we conclude that the trial court did not abuse its discretion when it granted Buckler's motion and awarded Buckler $1960.00 in attorney fees.

2. Although the trial court cited to Indiana Code section 34–1–32–1, the current statute is

Indiana Code section 34–52–1–1, effective July 1, 1998.

### III. Trial Rule 37 Sanctions

#### A. Standard of Review

A trial court has broad discretion in ruling on discovery issues, and this court will only reverse a trial court's decision in this area where it is apparent that the trial court abused its discretion. *Hyundai Motor Co. v. Stamper*, 651 N.E.2d 803, 807 (Ind.Ct.App.1995), (citation omitted). It is also within the trial court's discretion to decide which sanction to impose for a failure to comply with discovery matters. *Id.* (citation omitted).

#### B. Argument

On May 30, 2000, Buckler served Childress with a Request for Admission. "[T]he essential purpose of a request for admission is to obviate the need for time consuming proof at trial by establishing undisputed facts, instead of attempting to 'discover' essentially unknown facts by deposition or interrogatory." *Georgetown Steel Corp. v. Chaffee*, 519 N.E.2d 574, 575–76 (Ind.Ct.App.1988) (citation omitted).

Buckler requested that Childress admit five things: 1) that the accident was one hundred percent her fault, 2) that no comparative fault was due to Buckler, 3) that the medical treatment Buckler received from Dr.'s Smith and Nybert was reasonable and necessary, 4) that Buckler's medical expenses for treatment related to the accident was $2649.00, and 5) that the medical bills attached thereto were reasonable and necessary. Childress denied all five requests on June 8, 2000. Appellant's App. pp. 6–7.

Childress argues that the trial court abused its discretion when it granted Buckler attorney fees and court reporter costs in the amount of $2189.35 pursuant to Indiana Trial Rule 37(C) for Childress's

alleged failure to admit Buckler's request for admissions.[3] Indiana Trial Rule 37(C) provides:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to 36(A), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

Because of Childress's denial of Buckler's request for admissions, on December 5, 2000, Buckler deposed Childress. Childress admitted that Buckler had the right-of-way at the time of the accident, and that it was her responsibility to look for oncoming traffic before pulling out of the grocery store parking lot. Appellee's App. p. 14. At the deposition, Childress was asked, "If I put you where Mr. Buckler was, driving on 37, and Mr. Buckler pulls out and hits you, would you agree with me that you didn't do anything wrong, if you were driving on 37?" Childress responded, "Yeah." *Id.* at 15. Childress explained that vehicles turning into the parking lot she was pulling out of were obstructing her view of State Road 37. She further explained that in order to see, she crept into the road. She assumed the roadway was clear so she began to drive, and at that point her vehicle hit Buckler's vehicle. *Id.* Childress

---

**3.** Childress failed to cite to any case law in support of her argument.

was asked whether Buckler did anything wrong, and she replied, "I don't know, no." She was then asked, "From the scenario you described, he didn't do anything wrong?" She replied, "No." *Id.* at 15–16. Childress also testified at her deposition that she had not seen Buckler's Request for Admission prior to the day of the deposition. *Id.* at 14.

On December 27, 2000, twenty-two days after Buckler deposed Childress, Buckler filed a Motion for Sanctions Pursuant to Trial Rule 37 and Request for Hearing, alleging that Childress illegally failed to admit all five requests for admissions, and therefore, Buckler was required to depose Childress to prove the illegal failure to admit. Buckler requested reimbursement for the cost of the court reporter at the deposition, $151.00, and attorney fees incurred for preparation for and taking of Childress's deposition, researching and writing the motion for sanctions and accompanying brief, and time for attending a court hearing, $2038.35. *Id.* at 19–26.

The trial court held a conference on March 7, 2001, at which time it took the motion under advisement. The trial court thereafter continued the motion once on June 8, 2001, and again on June 21, 2001, after the jury had begun deliberations. *Id.* at 284. On July 11, 2001, after the jury's verdict, Buckler renewed his motion for sanctions pursuant to Trial Rule 37. In its September 10, 2001 order, the trial court granted Buckler's motion for Trial Rule 37 sanctions, and awarded him $2189.35, which included court reporter costs and attorney fees. Appellant's App. p. 15.

Childress never accused Buckler of any fault in the proximate causation of the collision, at deposition or trial, and there was no rational basis for claiming that Buckler failed to mitigate his damages. Nonetheless, Childress denied Buckler's request for admission that Childress was one hundred percent at fault and Buckler bore no responsibility. More to the point, Childress's counsel apparently filed all of the denials at issue without even consulting Childress herself about the operative fact. The trial court did not abuse its discretion by granting Buckler's motion for Trial Rule 37 sanctions and awarding him $2189.35 in court reporter costs and attorney fees.

### Conclusion

For all of the foregoing reasons, we conclude that the trial court did not abuse its discretion when it granted Buckler's motion to correct error and request for additur pursuant to Trial Rule 59(J)(5) or when it granted Buckler's motion for sanctions pursuant to Trial Rule 37(C). We also conclude that the trial court did not err when it granted Buckler's motion for attorney fees for pursuit of frivolous defense pursuant to Indiana Code section 34–52–1–1.

Affirmed.

BAILEY, J., and SULLIVAN, J., concur.