William E. HUDSON, II, Appellant (Plaintiff Below),

v.

DAVE McINTIRE CHEVROLET, INC., Appellee (Defendant Below).

No. 2-677-A-243.

Court of Appeals of Indiana, Fourth District.

May 29, 1979.

---

Raymond F. Fairchild, Indianapolis, for appellant.

Steven G. Cracraft, Kothe, Shotwell, Claycombe, Hendrickson & Kortepeter, Indianapolis, for appellee.

MILLER, Judge.

Plaintiff-appellant William Hudson brings this appeal after obtaining a judgment against Dave McIntire, Inc. (McIntire) in the mount of $177.78 in an action based on the revocation of his acceptance of a new Chevrolet Vega automobile. He claims the award was inadequate. We agree and reverse.

In September, 1973 Hudson purchased the automobile from McIntire paying the full purchase price of $2944.00. On March 11, 1974 Hudson, after allegedly experiencing difficulty with defective conditions in the automobile, returned it to McIntire, giving notice he was revoking his prior acceptance due to McIntire's inability to correct a defect in the transmission and demanded return of his purchase price plus incidental and consequential damages. On March 24, 1974 Hudson filed this action against McIntire alleging that he revoked his acceptance

of the automobile and demanded statutory damages consisting of his purchase price plus incidental and consequential damages. McIntire denied these allegations and filed its counterclaim for storage costs and, further, for a set-off representing the depreciation of the automobile during the period of time Hudson had its use.

On January 6, 1977, after a court trial, judgment was entered in Hudson's favor on his complaint and against McIntire on its counterclaim. The total damage awarded Hudson on his complaint was $177.78 and Hudson was ordered to deliver the certificate of title to McIntire thus enabling McIntire to sell the automobile and retain the proceeds of the sale. The judgment in its entirety omitting formal parts reads as follows:

"This cause having been taken under advisement, comes now the Court and having been duly advised in the premises, finds judgment for the plaintiff on his complaint and against the defendant in the sum of $177.78; and further finds judgment for the plaintiff on the defendant's counterclaim. The statutory lien on the motor vehicle in question now on file in the office of the Recorder of Marion County is hereby Ordered released as of this date; and it is further Ordered that the Certificate of Title for the automobile in question, properly made out and endorsed, be sent to the defendant, so that said defendant may make such disposition of the property in question as seems necessary and desirable. The costs of this action to be assessed against the defendant.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff recover of and from the defendant on his complaint the sum of $177.78; and further that the defendant recover nothing from the plaintiff on its counterclaim.

IT IS FURTHER ORDERED that the statutory lien on the motor vehicle in question now on file in the office of the Recorder of Marion County be released as of this date; and

IT IS FURTHER ORDERED that the Certificate of Title for the automobile in question, properly made out and endorsed, be sent to the defendant. The costs of this action to be assessed against the defendant.

all of which is accordingly done this 6th day of January, 1977."

Hudson, in his Motion to Correct Errors, challenged the damages awarded by the trial court ($177.78) as inadequate under the provisions of our Uniform Commercial Code. In this respect McIntire has confessed error in its Appellee's brief stating the judgment of the trial court is so "illogical", "inconsistent" and "confusing" that the case should be reversed. McIntire candidly acknowledges that it "lost the battle but won the war", that is, although the trial court found for Hudson on his complaint and against McIntire on its counterclaim, McIntire was permitted by the judgment to retain both the $2944.00 purchase price and, in addition, the $1200.00 proceeds from the sale of the automobile[1] or a total of $4144.00 less on the $177.78 awarded to Hudson. However, McIntire strongly urges this Court to grant the parties a new trial on all the issues, including liability, rather than directing the trial court either to retry the issue of damages only or to enter a final judgment for Hudson with what this Court feels to be appropriate damages. See Ind. Rules of Procedure, Appellate Rule 15(N). In *State v. Tabler* (1978), Ind.App., 381 N.E.2d 502, a negligence action, the Third District of this Court discussed the appropriate disposition of actions in which the damages awarded by the trier of fact were clearly inadequate. Although *Tabler* concerned a jury verdict, we think the language of the Court is equally appropriate when the trial judge acts as the trier of fact. The court stated beginning at page 504 of 381 N.E.2d as follows:

---

1. The record reveals the Vega was resold for $1200.00 by McIntire. Basic principles of rescission deny the wrongdoer the right to retain both the returned product and the purchase price. *See, Morris v. Trinkle* (1930), 91 Ind. App. 657, 170 N.E. 101.

"Indiana has long adhered to the rule that a new trial is proper where the damages awarded are so small as to indicate that the jury was motivated by '. . . passion, partiality, corruption or considered some improper element.' *Henschen v. New York Central R.R. Co.* (1945), 223 Ind. 393, 399, 60 N.E.2d 738, 740; *Rondinelli v. Bowden* (1973), 155 Ind.App. 582, 293 N.E.2d 812; *Wynder v. Lonergan* (1972), 153 Ind.App. 92, 286 N.E.2d 413; *Green v. Oakley* (1969), 145 Ind.App. 307, 250 N.E.2d 594.

Our brief examination of the evidence sustains the trial court's finding that the damages were inadequate. * * *

On the other hand, having correctly determined that the damages are inadequate does not necessarily mean that a trial court may properly grant a new trial on damages alone. Indiana Rules of Procedure, Trial Rule 59(E)(5) has been interpreted in *Borowski v. Rupert* (1972), 152 Ind.App. 9, 281 N.E.2d 502 to permit the trial court to grant a new trial limited solely to the issue of damages or, alternatively, additur. However, the court warned that a new trial on a single issue is proper only when:

'. . . it clearly appears that the issue to be retried is so distinct and separable from the others that a trial on it alone may be had without injustice.' 281 N.E.2d 502, 506.

This constraint is particularly appropriate when inadequate damages are involved since they may be conclusive proof that the jury has compromised its verdict. *F & B Livery Co. v. Indianapolis Traction & Terminal Co.* (1919), 71 Ind.App. 203, 124 N.E. 493.

Prior Indiana decisions articulate no specific standard by which the propriety of granting a new trial limited to damages because of an inadequate verdict is to be judged. Other jurisdictions, however, have done so and appear to have considered the concerns expressed in *Borowski* and *F & B Livery Co.*

When the issue of liability is hotly contested and the evidence and inferences are conflicting and might have supported a verdict either for the plaintiff or the defendant, a grant of a new trial limited to damages is improper. *DeFreezer v. Johnson* (1967), 81 Ill.App.2d 344, 225 N.E.2d 46. Or, as stated in *Duncan v. Peoria Yellow Checker Cab Corp.* (1977), 45 Ill.App.3d 653, 4 Ill.Dec. 290, 359 N.E.2d 1242, a limited new trial is proper only when the evidence of liability is so clear that there is no issue on that point for a second jury to retry. In *Leipert v. Honold* (1952), 39 Cal.2d 462, 247 P.2d 324, 29 A.L.R.2d 1185, it was held to be an abuse of discretion to grant a limited new trial where the issue of liability was close and other evidence indicated the jury was motivated by prejudice, sympathy or compromise. Pennsylvania draws a logical distinction between limited new trials for inadequate damages and those for excessive damages. In the case of the former, the liability issue must be 'free from doubt,' 'clear' and 'uncontested,' whereas in the latter, liability need only have been 'fairly determined.' The basis for the distinction is that inadequate damages '. . . inherently suggest that a compromise verdict has been returned and that the issue of liability has not been "fairly determined." ' *Lambert v. PBI Industries* (1976), 244 Pa.Super. 118, 366 A.2d 944. California has pointed out that, generally, only when the jury's award is substantial but still inadequate can one conclude that they erred in respect to damages only. *Hamasaki v. Flotho* (1952), 39 Cal.2d 602, 248 P.2d 910, 912–13. That case also referred to the disparity between the jury's award and the additur imposed by the court as a 'striking indication' that the jury could not agree on liability.

These cases lead to the conclusion that a new trial limited to damages because of an award of inadequate damages is proper only when it is clear that the verdict on liability is not the product of compromise. When liability is close and other evidence indicates the jury may have compromised, a new trial on damages alone is improper."

In the case at bar, Hudson's complaint was based on the theory of his revocation of

acceptance of the Vega automobile under the provisions of our Uniform Commercial Code, IC 26–1–2–608.[2] The record does not suggest, nor do the parties assert, that the complaint was tried on any other theory or issue by express or implied consent of the parties which, in effect, would have enabled this Court to treat issues not actually pleaded as if they had been raised in the pleading. Ind. Rules of Procedure, Trial Rule 15(D). The remedies afforded the buyer who properly revokes acceptance are outlined in IC 26–1–2–711 and IC 26–1–2–715 which read in pertinent part:

2–711: (1) Where . . . the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract . . . the buyer may cancel and whether or not he had done so may in addition to recovering so much of the price as has been paid . .

2–715: (1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expenses incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include:

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise.

These provisions were interpreted in *Performance Motors, Inc. v. Allen* (1972),

280 N.C. 385, 186 S.E.2d 161, 167 and cited with approval in *Bob Anderson Pontiac, Inc. v. Davidson* (1973), Ind.App., 293 N.E.2d 232 as follows:

"Applying the foregoing principles to the evidence in this case, if defendant (1) made an effective rejection of the mobile home, or (2) justifiably revoked her acceptance of it, she has a right to recover 'so much of the price as has been paid' plus any incidental and consequential damages she is able to prove. G.S. § 25–2–711(1); G.S. § 25–2–715."

See also: *Lanners v. Whitney* (1967), 247 Or. 223, 428 P.2d 398; *Grandi v. LeSage* (1965), 74 N.M. 799, 399 P.2d 285. *Lloyd v. Classic Motor Coaches, Inc.,* 388 F.Supp. 785 (N.D.Ohio 1974).

Moreover, such buyer is entitled to eight per cent (8%) prejudgment interest, pursuant to IC 24–4.6–1–103 from the date of revocation and demand on the entire amount of his purchase price which was, of course, fixed and ascertainable on said date. *Indiana Telephone Corp. v. Indiana Bell Telephone Company* (1976), Ind.App., 358 N.E.2d 218; *Hirsch v. Merchants National Bank & Trust Co.* (1975), Ind.App., 336 N.E.2d 833; *Lanners v. Whitney, supra; Lloyd v. Classic Motors, Inc., supra.*

Therefore, based on the foregoing law applicable to the award of damages in revocation of acceptance cases, we agree with the parties that the damages were clearly inadequate. However, as we interpret *State v. Tabler, supra,* and the authorities cited therein, a showing of inadequate damages does not automatically entitle an appellant to a new trial on damages alone. Rather the appellant, in this case Hudson, has the burden of showing this Court that the issue of liability is clear and free from

2. IC 26–1–2–608 reads as follows:
(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances. (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it. (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

doubt. This Hudson has not done. In his brief he does not address the question but merely assumes he is entitled to a judgment for the purchase price of the car plus incidental and consequential damages because the trial court found in his favor. We are not required to search the record to determine this issue. However, we note that there was evidence that the automobile was in "sound working condition" when returned by Hudson. Further, McIntire asserted that the revocation was not valid due to Hudson's failure and/or inability to deliver title to the car at the time it was returned.[3]

We reverse this cause with instructions to grant a new trial on all the issues including liability and, further, if judgment is again favorable to Hudson, to award damages[4] consistent with this opinion.

CHIPMAN and YOUNG, JJ., concur.

---

3. The duty of a buyer to deliver an unencumbered title at the time of his revocation of acceptance is defined in *Moeller Manufacturing, Inc. v. Mattis* (1974), 33 Colo.App. 300, 519 P.2d 1218 as follows:

"A buyer who asserts a right to revoke acceptance has the same duties as a buyer who asserts a right to reject goods prior to acceptance. C.R.S.1963, 155–2–608(3). After rejection of goods, any exercise of ownership rights is considered wrongful as against the seller. C.R.S.1963, 155–2–602(2)(a). The purpose of this requirement is to insure that the seller may regain possession of the goods in order to resell the same and minimize his loss. By the same reasoning, utilizing the machinery as security for a loan which remains unpaid after revocation prevents the seller, upon refund of the purchase price and expenses, see C.R.S.1963, 155–2–711, from reselling the goods to minimize his loss. Accordingly, we hold that in order to exercise the remedy of revocation after acceptance pursuant to C.R.S.1963, 155–2–608, the buyer must, as of the date seller offers to return the purchase price and expenses, or if seller makes no such offer, as of the date the trial court awards buyer this remedy, be in a position to transfer an unencumbered title to the seller. When the buyer has encumbered the title and is not able effectively to transfer the goods to the seller, then buyer's remedy is for damages pursuant to C.R.S.1963, 155–2–714, which in this case must be offset against the unpaid purchase price."

4. Hudson asserted in his brief that he was entitled, as a consequential damage pursuant to IC 26–1–2–715(2)(a) *supra,* to interest paid on a bank loan made in connection with the purchase of the Vega. Consequential damages are recoverable when they represent a loss "resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know." Such damages should be direct, immediate and probable and not speculative. The determination of these damages is a question for resolution by the trier of fact. *Jerry Alderman Ford Sales, Inc. v. Bailey* (1972), 154 Ind.App. 632, 647, 648, 291 N.E.2d 92 mod. reh. den. 294 N.E.2d 617. This is a question of first impression in this state. However, we see no reason why this type of damage could not be assessed as a consequential damage where the buyer presents evidence that the seller had "reason to know" the buyer needed to borrow money in order to complete the purchase. See *Carl Beasley Ford, Inc. v. Burroughs Corporation,* 361 F.Supp. 325 (E.D.Pa.1973), where such damages were awarded.