Loucille AMOS, Appellant (Plaintiff Below),

v.

Michael C. KEPLINGER, Levin & Sons, Inc., Appellees (Defendants Below).

No. 3–1277A313.

Court of Appeals of Indiana,
Third District.

Dec. 11, 1979.

Edward N. Smith, Fort Wayne, for appellant.

Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder, Fort Wayne, for appellees.

STATON, Judge.

After a jury returned a verdict against Loucille Amos on her complaint of negligence against Michael C. Keplinger and Levin & Sons, Inc., the trial court set aside the verdict of the jury and entered a judgment for Loucille Amos in the amount of $4,915.36. Loucille Amos had sought $150,-000.00 in damages for the negligence alleged in her complaint. In her appeal to this Court, she contends that the trial court committed reversible error when it did not grant her a new trial after setting aside the jury verdict. After reviewing Amos' contention, we conclude that the judgment of the trial court should be affirmed in part and reversed in part.

■ The judgment entered by the trial court was the product of two separate determinations—a determination of liability and a determination of the amount of damages incurred by Amos. Amos had the burden of proof on the question of liability and, in the minds of the jurors, failed to meet that burden. Notwithstanding the jury's verdict, the trial court entered a judgment which imposed liability on the defendants. The authority of a trial court to enter a judgment imposing liability in favor of a party having the burden of proof and contrary to that imposed by the jury's verdict was recognized in *State v. Bedwell* (1978), Ind., 371 N.E.2d 709. The propriety of such action in the instant case is an issue we need not decide, because any error in that action is harmless as to Amos and has been waived by the defendants as a result of their failure to raise that issue on appeal. Accordingly, we affirm the trial court's determination of liability.

■ The second determination made by the trial court concerned the amount of damages that Amos should be awarded. Because the jury concluded that the defendants were not liable to Amos, they did not address the issue of damages. The trial court, however, awarded Amos $4,915.36. In doing so, the trial court improperly invaded the province of the jury.

■ The trial court's award of damages might appear, at first glance, to be authorized by Ind. Rules of Procedure, Trial Rule 59(E)(5), which provides that a trial court may, "in the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages." TR. 59(E)(5) is not, however, an invitation to trial courts to assess credibility or weigh conflicting evidence on the issue of damages. Rather, TR. 59(E)(5) empowers the trial court to enter a final judgment fixing damages when the evidence on the amount of damages is clear and unrebutted. *Weenig v. Wood* (1976), Ind.App., 349 N.E.2d 235.

■ The evidence on the amount of Amos' damages was not clear and unrebutted. The trial court concluded, when setting aside the jury's verdict, that:

"there was uncontradicted evidence that as a proximate result of [Keplinger's negligence, Amos] did incur medical expenses, suffer from physical discomfort and anxiety and lost time from her employment with resulting loss of wages."

The determination of the amount of damages Amos was entitled to as a result of the "physical discomfort and anxiety" she suffered necessarily required an assessment of credibility and a weighing of the evidence. That was a function for the jury and not for the trial court. *Weenig, supra.*

The judgment of the trial court is affirmed as to its determination of liability but is reversed as to its award of damages with instructions to grant Amos a new trial on the sole issue of damages.

GARRARD, P. J., and HOFFMAN, J., concur.