Donna M. CARBONE, Appellant–Defendant,

v.

Thomas SCHWARTE and Carolyn Schwarte, Appellees–Plaintiffs.

No. 71A03–9303–CV–89.

Court of Appeals of Indiana, Third District.

Feb. 28, 1994.

William T. Webb, Hardig, Lee & Groves, South Bend, for appellant-defendant.

John R. Obenchain, Patrick D. Murphy, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, for appellees-plaintiffs.

HOFFMAN, Judge.

Appellant-defendant Donna Carbone appeals from a judgment entered in favor of appellees-plaintiffs Thomas Schwarte and Carolyn Schwarte (collectively "Schwartes") in a claim for damages following an automobile accident.[1]

The trial court's final jury instruction on damages reads as follows:

"In this case, no personal injuries were sustained by the plaintiffs, and they are making a claim for damage to their personal property only.

You may consider:

(1) The decrease in the fair market value of their automobile as a result of the collision.

(2) The loss of the use of their automobile."

The jury found in favor of the Schwartes in the underlying dispute and awarded them

---

1. Originally, the Schwartes brought suit against Carbone in the Small Claims Division of the St. Joseph County Superior Court. After Carbone requested a trial by jury, the case was transferred to the plenary docket. The facts of the underlying accident occurring on August 21, 1991, between Carbone and Mrs. Schwarte are not in dispute.

$2,000.00 in damages. The jury attributed 90% fault to Carbone and 10% to Mrs. Schwarte. Consequently, the trial court decreased the jury award to $1,800.00.

Then, on September 14, 1992, the Schwartes filed a motion to correct error pursuant to Ind. Trial Rule 59 asking the court to grant a new trial or in the alternative, additur, arguing inadequacy of the jury award. The trial court agreed with the Schwartes. After finding the minimum damages proven for loss of use to be $592.96 and the minimum damages proven for loss of value to be $2,204.13, the trial court granted their motion to correct error and increased the jury award to $2,517.32.[2] This appeal ensued.

Carbone raises three consolidated issues for review: whether the trial court erred in entering final judgment on the evidence and increasing the amount of the jury award.

Trial Rule 59(J)(5) provides that a trial court may "[i]n the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages.... " See T.R. 59(J)(5). This remedy is available only where the evidence is insufficient to support the verdict as a matter of law. See Coffel v. Perry (1983), Ind.App., 452 N.E.2d 1066, 1068. In determining whether the trial court properly entered final judgment on the evidence, this Court employs the same standard of review as the trial court. Id. We must consider only the evidence and reasonable inferences favorable to the non-moving party; we may not weigh conflicting evidence or judge the credibility of witnesses because of the constitutional right under Article 1 § 20 of the Indiana Constitution to have a jury perform the fact-finding functions. Id.

A damage award must be within the scope of the evidence presented to the jury. The jury is not permitted to indulge in speculation in fixing the amount to be awarded and damages must be ascertainable with reasonable certainty. Greives v. Greenwood (1990), Ind.App., 550 N.E.2d 334, 337. Id. The award must be referenced to some fairly definite standard, such as cost of repair, market value, established experience, rental value, loss of use, loss of profits, or direct inference from known circumstances. Persinger v. Lucas (1987), Ind.App., 512 N.E.2d 865, 868.

Carbone contends that since the jury instruction on damages was phrased in terms of "may" rather than "must," it was free to disregard the testimony as to decrease in fair market value or loss of use or both. Carbone further contends that the trial court's grant of additur was an implicit determination that the jury was bound to accept Mrs. Schwarte's opinion as to the dollar value of her loss, and the jury was required to award damages for both the decrease in fair market value and for loss of use.

The record reveals that the jury was presented with two definite figures to use in calculating loss of use: (1) the stipulation in the amount of $592.96 for the cost of a rental car and (2) Mr. Schwarte's testimony that the fair rental value for the vehicle during the time it was being repaired was $748.00. Because the jury was also aware of the parties' stipulation for the cost of a rental vehicle in the amount of $592.96,[3] it is reasonable to conclude that at minimum, the amount proven for loss of use was $592.96, as was also found by the trial court. It can also be reasonably inferred from the amount of damages awarded, i.e., $2,000.00, that the jury in fact did consider both the loss of use and the decrease in the fair market value in making its award to the Schwartes. Thus, Carbone's arguments on this issue are meritless.

---

2. As the Schwartes explain in their brief, this figure reflects the sum of the two minimum amounts the trial court found to be supported by the evidence at trial: $592.96 (loss of use) and $2,204.13 (decrease in market value) reduced by the percentage of fault attributed to Mrs. Schwarte (10%).

3. This stipulation was incorporated into the trial court's instruction which read, in relevant part, as follows:

"The parties have further agreed that as a result of the collision the plaintiffs Thomas Schwarte and Carolyn Schwarte were without the use of their motor vehicle for a period of thirty-four days and incurred rental expenses of $592.96."

The jury also had before it several definite amounts concerning the decrease in fair market value of the vehicle. Mrs. Schwarte opined that the proper amount for decrease in fair market value was $2,500.00 and that cost of repair was also $2,500.00. However, on cross-examination she admitted, by referring to the repair bill shown to her by Carbone, that the cost of repair was $2,204.13.

Even if the jury chose to disregard Mrs. Schwarte's opinion as to the decrease in the vehicle's fair market value, the only definite evidence remaining on this issue was the cost of repair at $2,204.13. We agree with the trial court and the Schwartes that anything less for the decrease in fair market value, as reflected by the amount of the jury award, was unsupported by the evidence presented by either the Schwartes or Carbone and as such was inadequate as a matter of law. The amount awarded to the Schwartes by the trial court, $2,517.32, is a figure which properly reflects the minimum amount proved by the evidence. There being no error in its entering final judgment and increasing damages to this amount, the decision of the trial court is affirmed.

Affirmed.

STATON and MILLER, JJ., concur.