**Barry D. SHERMAN, as Special Administrator of the Estate of Sirfean Armenia, deceased, Appellant–Plaintiff,**

v.

**Rosemary A. KLUBA and Robert D. Johnson, Appellees–Defendants.**

No. 45A03–9901–CV–12.

Court of Appeals of Indiana.

Sept. 7, 2000.

---

Timothy F. Kelly, Steven J. Sersic, Munster, Indiana, Attorneys for Appellant.

Steven E. Springer, John B. Drummy, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge

Plaintiff–Appellant Barry D. Sherman ("Sherman"), as Special Administrator of the Estate of Sirfean Armenia ("Armenia"), deceased, appeals the trial court's grant of a motion to correct error in an action involving Defendants–Appellees Rosemary A. Kluba ("Kluba") and Robert D. Johnson ("Johnson"). We affirm.

Sherman raises three issues for our review, which we consolidate and state as:

1. whether this court should remand to the trial court with an order that the trial court enter judgment for a specific amount of damages.

2. whether the trial court erred in awarding Johnson a new trial on the issue of liability.

In February of 1994, Armenia was struck by a motor vehicle. He subsequently filed a complaint against Kluba and Johnson. Armenia thereafter died of causes unrelated to the accident, and Sherman was substituted as the party plaintiff.

The case was tried before a jury, and Sherman argued that Armenia's estate should be awarded $55,542.00 in lost wages, $750,000.00 in damages for pain and suffering, and $672,331.55 in medical expenses. The jury allocated 0% of fault to Armenia, 0% fault to Kluba, and 100% fault to Johnson. The jury awarded Sherman $555,542.00 in damages.

Sherman timely filed a motion to correct error requesting that the trial court grant additur in the amount of the undisputed medical specials. Johnson also timely filed a motion to correct error requesting a new trial. The trial court set aside the judgment against Johnson and ordered a new trial on the issue of Johnson's liability. The trial court also ordered a new trial on the issue of damages. In so doing, the trial court made the following pertinent findings:

■ During the trial on this cause, the uncontradicted evidence demonstrated that the plaintiff sustained serious injuries by virtue of the motor vehicle accident in question. The plaintiff was thereafter treated and incurred $672,331.25 in medical expenses.

Evidence introduced at trial by the parties offered differing accounts as to how the collision which caused injury to the plaintiff occurred. Defendant Johnson was the driver of the first vehicle striking the plaintiff, who was a pedestrian. Defendant Kluba was driving a second vehicle which may have struck the plaintiff.

2. It was the function of the jury to weigh and determine whether each of the defendants was at fault for the injuries allegedly sustained by the plaintiff. The jury performed that function and found [Kluba] not at fault and attributed 100% of the fault for the plaintiff's injuries to [Johnson].

3. However, the verdict of the jury finding that the plaintiff sustained damages in the sum of $555,542.00 is clearly erroneous and contrary to the evidence. The undisputed evidence submitted by the plaintiff was that the plaintiff's decedent incurred $672,331.25 in medical ex-

penses as a result of the collision. Plaintiff also introduced evidence of lost wages; however, the lost wages evidence was reasonably in dispute. Though the amount of the damages to be assessed in favor of the plaintiff is clearly a jury determination, for the jury to have entered damages in an amount less than the undisputed medical expenses incurred by the plaintiff is clearly erroneous as contrary to the evidence. The verdict entered by the jury is also evidence of the fact that the jury may have improperly compromised in its deliberations in reaching its verdict, and returned a verdict which was contrary to the Court's instructions. The Court therefore finds that a new trial in this matter should be granted as to defendant [Johnson] and that the new trial should be both on issues of liability and damages.

(R. 453–54).[1]

Sherman contends that the trial court abused its discretion in ordering a new trial on the issue of Johnson's liability. Sherman requests that this court either remand to the trial court with instructions to enter judgment on the evidence in an amount that he considers to be appropriate or, in the alternative, to remand for a new trial on damages only.

■ When faced with a motion for a new trial, the trial court sits as a thirteenth juror and may order a new trial if the jury's verdict is against the weight of the evidence. *Hunter v. Byrd*, 602 N.E.2d 1052, 1054 (Ind.Ct.App.1992), *trans. denied*. The trial court's granting of a new trial is given a strong presumption of correctness. *Keith v. Mendus*, 661 N.E.2d 26, 32 (Ind.Ct.App.1996), *trans. denied*. When reviewing the trial court's grant of a new trial, this court's sole duty is to examine the record to determine whether (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done

the appellant; or (c) a very strong case for relief from the trial court's order of a new trial has been made by the appellant. *Brown v. Conrad*, 531 N.E.2d 1190, 1192 (Ind.Ct.App.1988), *trans. denied*.

■ Indiana "has long adhered to the rule that a new trial is proper where the damages awarded are so small as to indicate that the jury ... considered some improper element." *Hudson v. Dave McIntire Chevrolet, Inc.*, 180 Ind.App. 646, 390 N.E.2d 179, 182 (Ind.Ct.App.1979). Because the jury's damage award in the present case was well short of the undisputed medical expense evidence, we must agree with the trial court that the jury's award was influenced by some improper element.

■ Furthermore, we agree with the trial court that a new trial, and not a judgment on the evidence, is the appropriate remedy on this issue. Ind.Trial Rule 59(J)(5) provides that the trial court may "[i]n the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of proper damages, grant a new trial, or grant a new trial subject to additur or remittitur." The rule is not, however, an invitation to trial courts to assess credibility or weigh conflicting evidence on the issue of damages. *Amos v. Keplinger*, 397 N.E.2d 1010, 1011 (Ind. Ct.App.1979). Rather, T.R. 59(J) "empowers the trial court to enter a final judgment fixing damages [only] when the evidence on the amount of damages is clear and unrebutted." *Id.*

Sherman did present evidence setting forth the time that he believed that Armenia had missed work because of injuries arising from the accident; however, Johnson countered with evidence to indicate that Armenia was disabled and off work at the time of the accident as a result of a previous injury and that not all of the lost

---

1. The trial court found that the judgment entered in favor of Kluba "shall remain unaffected by this Order." (R. 454).

wages could be attributed to the accident. The question of what weight to be given to the evidence was for the jury. Furthermore, the determination of the amount of damages for pain and suffering necessarily requires an assessment of credibility and a weighing of the evidence. *See Amos,* 397 N.E.2d at 1011. The evidence regarding the amount of medical expenses in the present case was clear and unrebutted; however, the amount of lost wages and damages for pain and suffering was not. A remand for a judgment on the evidence would not be appropriate.

 When an appellate court finds damages are inadequate, a new trial on the issue of damages alone is proper only when it is clear that the jury verdict on liability is not the result of a compromise.[2] *Burris v. Riester,* 506 N.E.2d 484, 486 (Ind.Ct.App.1987), *trans. denied.* When the issue of liability is hotly contested and the evidence and inferences are conflicting and might have supported a verdict either for the plaintiff or the defendant, a grant of a new trial limited to damages is improper. *Id.; Hudson,* 390 N.E.2d at 182.

 In the present case, the evidence was disputed on the question of the degree of negligence to be assigned to Kluba and Johnson and the degree of contributory negligence to be assigned to Armenia. There was disputed evidence as to where Armenia was located at the time he was struck by Johnson's vehicle and as to how he got there. There was also a dispute as to whether Armenia was struck by Kluba's vehicle after the impact with Johnson's vehicle. There was no dispute that Armenia's body was lying in the left lane of the interstate after the impact.

Sherman presented evidence that Armenia pulled his car over onto the right shoulder of Interstate 65 because his car was running rough. Armenia exited the car and was standing on the right shoulder when he saw the blinding light of Johnson's vehicle just before the vehicle left the right lane of the interstate and "sideswiped" him.

Kluba testified that her vehicle was approximately 120 to 150 yards behind Johnson's vehicle. She was in the left lane and Johnson was in the right lane. When Johnson swerved to the left, Kluba stayed in the left lane but took her foot off the accelerator. As she continued down the interstate in the left lane, she observed an object lying in the roadway. She swerved to the right to avoid running into the object, which she later discovered was Armenia's body. Her vehicle traveled into the right lane and then onto the right shoulder where it struck Armenia's vehicle. Kluba testified that she did not hit Armenia, but admitted that she discovered a bloody mark on the driver's side door of her vehicle and what appeared to be a swipe mark along the side of vehicle where dirt had been wiped away.

On the other hand, Johnson presented evidence that he was traveling in the left lane some two to four car lengths behind a motor vehicle traveling in the right lane. The motor vehicle traveling in the right lane suddenly swerved to the right and then to the left. Johnson then observed that Armenia was at the center line of the Interstate, between the right and left lanes, and that he was walking fast toward Johnson's vehicle at a forty-five degree angle. Johnson swerved to the left to avoid hitting Armenia while at the same time lifting his foot off the accelerator and applying his brakes. Johnson hit Armenia as Armenia walked in the left lane approximately four feet from the left shoulder.

The record clearly shows that the issue of liability was contested, leaving open the possibility of a compromise verdict. We

---

**2.** A compromise verdict is one where "the jury, in doubt as to the defendant's negligence or plaintiff's contributory negligence, returns a verdict for the plaintiff but in a lesser amount than it would have if these questions had been free from doubt." *Archer v. Grotzinger,* 680 N.E.2d 886, 888 (Ind.Ct.App.1997) (quoting *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1, 7 (1994)).

hold that the trial court did not abuse its discretion in ordering a new trial on the issue of liability.[3] In so doing, we reject Sherman's suggestion that the jury's award should be characterized as "substantial but still inadequate," thus indicating that the award did not arise from an improper consideration by the jury but from a simple mistake that can be remedied by a new trial on damages alone. In relation to the undisputed evidence on the amount of medical expenses, we find the shortfall of $116,789.55 to be so significant as to indicate a compromise verdict.

The trial court's order of a new trial on damages and liability is affirmed.

RILEY, J., and KIRSCH, J., concur.

---

3. Sherman points to evidence of the jury's knowledge that the medical expense damages would be paid to Armenia's employer and that one-third of the damage award would go to Armenia's attorneys. Sherman contends that the jury's damage award represents its attempt to deprive Armenia's employer and Armenia's attorneys of their share of the award by awarding lost wages and two-thirds of the requested damages for pain and suffering. We reject Sherman's speculation.