**Carol RUSSELL, Appellant–Defendant,**

v.

**Vicki NEUMANN–STEADMAN, Appellee–Plaintiff.**

No. 49A02–0104–CV–253.

Court of Appeals of Indiana.

Nov. 28, 2001.

John P. Daly, Jr., Stephenson, Daly, Morow, Horn & Semler, Indianapolis, Indiana, Attorney for Appellant.

Robert T. Dassow, Hove Law Firm, Indianapolis, Indiana, Attorney for Appellee.

**OPINION**

MATHIAS, Judge.

Vicki Neumann–Steadman ("Steadman") was injured in an automobile accident in which a vehicle driven by Carol Russell ("Russell") struck her vehicle from behind. Steadman filed a complaint against Russell in Marion Superior Court. A jury trial was held, and the jury entered a verdict in favor of Steadman, but awarded zero damages. Steadman then filed a Motion to

Correct Error. The trial court granted the motion and awarded damages in the amount of $6300.00 pursuant to Indiana Trial Rule 59(J)(5). Russell appeals raising one issue which we restate as: whether the trial court abused its discretion when it granted Steadman's Motion to Correct Error and awarded damages to Steadman after a jury verdict of zero damages.

We reverse and remand for a new trial limited to the issue of damages.

### Facts and Procedural History

On January 28, 1998, Steadman was having her vehicle washed at Mike's Car Wash in Indianapolis when a vehicle driven by Russell struck her from behind. The impact threw Steadman forward causing her to strike her head. There was no damage to Russell's vehicle, but there was a scratch on the back bumper of Steadman's vehicle. The next day, Steadman developed a headache and began to feel soreness in the back of her neck and shoulders; therefore, two days after the collision she had an appointment with her physician, Dr. Steven Harris.

Dr. Harris diagnosed Steadman with whiplash and prescribed a muscle relaxant to help relieve muscle pain and spasm. When Steadman's neck and shoulder pain continued despite her use of the muscle relaxant, Dr. Harris prescribed physical therapy. When the prescribed course of physical therapy did not relieve Steadman of the pain in her neck and back, Steadman asked Dr. Harris if she should seek osteopathic care. Dr. Harris then recommended, and Steadman underwent, four osteopathic treatments. Upon completion of those treatments, Steadman did not have any more pain in her neck or back.

On March 22, 1999, Steadman filed a complaint against Russell in Marion Superior Court. A jury trial was held on February 13, 2001. At trial, Russell admitted that she was at fault for the collision, and that Steadman could not have avoided it. At the close of evidence, Steadman moved for judgment on the evidence with regard to liability. The motion was granted over Russell's objection. The jury returned a verdict in favor of Steadman, but awarded zero damages.

On February 15, 2001, Steadman filed a Motion to Correct Error and Request for Additur. After holding a hearing on the motion, the trial court determined that: 1) the jury verdict of zero damages was clearly erroneous, contrary to, and not supported by the evidence, 2) the jury committed prejudice and harmful error when it rendered a verdict of zero damages, and 3) the verdict was so inadequate that it established that the jury was motivated by passion, prejudice, or other improper motive. Appellant's App. p. 4. The trial court therefore granted the motion and awarded damages to Steadman in the amount of $6300.00. Russell appeals.

### Standard of Review

A trial court has wide discretion to correct error. *Dughaish ex rel. Dughaish v. Cobb*, 729 N.E.2d 159, 167 (Ind.Ct. App.2000), *trans. denied.* We will reverse for an abuse of discretion only when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion also results where a trial court's decision is without reason or is based upon impermissible reasons or considerations. *Id.*

In determining whether the trial court properly entered final judgment on the evidence, this court employs the same standard of review as the trial court. *Carbone v. Schwarte*, 629 N.E.2d 1259, 1261 (Ind.Ct.App.1994). We must only consider the evidence and reasonable inferences fa-

vorable to the non-moving party. *Id.* We may not weigh conflicting evidence or judge the credibility of witnesses because of the constitutional right under Article 1, Section 20 of the Indiana Constitution to have a jury perform the fact-finding functions. *Id.;* Ind. Const. art. I, § 20.

### Discussion and Decision

■ Russell argues that the trial court abused its discretion when it granted Steadman's Motion to Correct Error pursuant to Indiana Trial Rule 59(J)(5) and awarded $6300.00 to Steadman, after the jury rendered a verdict of zero damages. Trial Rule 59(J)(5) provides:

[t]he court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors . . . (5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of proper damages, grant a new trial, or grant a new trial subject to additur or remittitur.

Ind. Trial Rule 59(J)(5). This remedy is available only where the evidence is insufficient to support the verdict as a matter of law. *Carbone,* 629 N.E.2d at 1261.

■ A jury is to be afforded great latitude in making damage award determinations. *Precision Screen Machs., Inc. v. Hixson,* 711 N.E.2d 68, 70 (Ind.Ct.App. 1999). A verdict will be upheld if the award falls within the bounds of the evidence. *Ritter v. Stanton,* 745 N.E.2d 828, 845 (Ind.Ct.App.2001). The trial court may only reverse a jury verdict "when it is apparent from a review of the evidence that the amount of damages awarded by the jury is so small or so great as to clearly indicate that the jury was motivated by prejudice, passion, partiality, corruption or that it considered an improper element." *Dee v. Becker,* 636 N.E.2d 176, 177 (Ind.Ct.App.1994). A damage award must be within the scope of the evidence presented to the jury. *Carbone,* 629 N.E.2d at 1261.

■■ Indiana subscribes to the general principle of tort law that all damages directly attributable to the wrong done are recoverable. *Hixson,* 711 N.E.2d at 71. Additionally, the law allows an injured plaintiff to recover the reasonable cost of necessary medical expenses. *Dee,* 636 N.E.2d at 178. In *Manzo v. Estep,* 689 N.E.2d 474, 475 (Ind.Ct.App.1997), the jury returned a verdict in favor of the plaintiff who suffered injuries when she was rear-ended by the defendant, but awarded zero damages. The plaintiff appealed arguing that the jury award was inadequate. *Id.* We held that the award of zero damages was inadequate because the award failed to compensate the plaintiff for actual, undisputed medical expenses directly attributable to the accident. *Id.* at 476–77.

The facts of this case are nearly identical to the facts in *Manzo.* Here, Russell admitted that she was at fault for the accident. As a result of the accident, Steadman went to see her physician, Dr. Harris. After he diagnosed Steadman with whiplash, Dr. Harris prescribed a muscle relaxant for Steadman, but when the pain in her neck and back continued, he prescribed a course of physical therapy. The medication and physical therapy did not substantially lessen her pain, and Dr. Harris recommended that Steadman undergo osteopathic treatments. After four treatments, Steadman did not feel any more pain. Russell did not have another physician examine Steadman, and Dr. Harris was the only physician to testify at trial.

■ Steadman produced documents, which were admitted into evidence, detailing the costs of the medical treatments prescribed by Dr. Harris totaling $2100. This is undisputed evidence of medical expenses for which the jury awarded no damages. Under these facts and circumstances, the jury's award was inadequate. *See Manzo,* 689 N.E.2d at 476–77.

■ However, the trial court not only awarded $2100 in medical damages, but also awarded an additional $4200, presumably for pain and suffering. Trial Rule 59(J) "empowers the trial court to enter a final judgment fixing damages [only] when the evidence on the amount of damages is clear and unrebutted." *Sherman v. Kluba,* 734 N.E.2d 701, 704 (Ind. Ct.App.2000), *trans. denied* (quoting *Amos v. Keplinger,* 397 N.E.2d 1010, 1011 (Ind. Ct.App.1979)). Damage awards for pain and suffering are particularly within the province of the jury because they involve the weighing of evidence and credibility of witnesses. *Stanton,* 745 N.E.2d at 845.[1]

In *Sherman,* the jury awarded the deceased's estate $555,542 in damages. *Sherman,* 734 N.E.2d at 703. Because the undisputed evidence presented at trial demonstrated that there were medical expenses totaling $672,331.55, the estate filed a motion to correct error requesting the trial court to grant additur in the amount of the undisputed medical expenses. *Id.* Instead, the trial court ordered a new trial on the issues of both liability and damages. *Id.* The estate appealed arguing that the trial court should have entered judgment on the evidence. *Id.* at 704. We affirmed

the trial court stating that a new trial was the appropriate remedy because liability was disputed and, although evidence regarding the amount of medical expenses was clear and unrebutted, the amount of lost wages and damages for pain and suffering was not. *Id.* at 704–05.

The facts of this case are similar to the facts of *Sherman* in that the amount of medical damages is not in dispute. However, in this case, the trial court awarded $4200 beyond the amount of undisputed medical expenses presumably for pain and suffering. This was an abuse of discretion because damages for pain and suffering are particularly within the province of the jury. *See Stanton,* 745 N.E.2d at 845. The proper remedy in a case such as this, where liability is clear through admission, and where the jury verdict was inadequate as a matter of law, is a new trial on the issue of damages. *See Sherman,* 734 N.E.2d at 704. We therefore reverse the trial court's judgment in favor of Steadman and remand for a new trial limited to the issue of damages.

DARDEN, J., and VAIDIK, J., concur.

---

1. *But see Owens v. Schoenberger,* 681 N.E.2d 760 (Ind.Ct.App.1997). In *Owens,* the plaintiff sued the defendant for defamation and the jury returned a verdict for the plaintiff awarding zero compensatory damages, but $2700 in punitive damages. *Id.* at 763. The plaintiff filed a motion to correct error arguing that the jury verdict was inadequate, which the trial court granted awarding the plaintiff $5400 in compensatory damages for her emotional suffering, loss of community status, and humiliation. *Id.* at 763, 767. We affirmed the trial court's award of $5400 of compensatory damages stating that the jury's award was not within the range of the evidence. *Id.* at 767.