## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 16 2016, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Wanda E. Jones
Jones Law Offices
Griffith, Indiana

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Thomas S. Ehrhardt
Tracey S. Wetzstein
Kopka Pinkus Dolin, PC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Phillip David Long and
Kathy Long,

*Appellants-Plaintiffs,*

v.

Michael J. Lopez,

*Appellee-Defendant*

September 16, 2016

Court of Appeals Case No.
45A03-1512-CT-2334

Appeal from the Lake Superior
Court

The Honorable Calvin D.
Hawkins, Judge

Trial Court Cause No.
45D02-1112-CT-137

**Baker, Judge.**

Phillip Long was struck by Michael Lopez's vehicle. Phillip sued Lopez for negligence, and Phillip's wife, Kathy, sued for loss of consortium. At trial, the parties disputed what jury instructions should be given. Eventually, the jury returned a verdict in the Longs' favor, and awarded Phillip $24,000 and Kathy nothing.

The Longs filed a motion to correct error and requested additur, arguing that improper jury instructions resulted in a lowered damages award. The trial court denied these motions, and the Longs now appeal. Finding that the damages award was within the bounds of the evidence presented, we affirm.

## Facts

On the morning of October 7, 2009, fifty-four-year-old Phillip was taking a walk to a local park. He stopped at an intersection, waited for the walk sign to light up, and began walking after the sign lit up. Lopez struck Phillip with his truck while Phillip was in the crosswalk. The impact threw Phillip to the ground, and he lost consciousness. He woke up in an ambulance. By the time he arrived at the hospital, he later testified, "I was hurting. My head was splitting. I was nauseous. My arm was swollen up. My rib cage hurt. My back was screaming." Suppl. Tr. p. 17.

Prior to the accident, Phillip had an extensive history of back problems. His first back surgery was in 1989. After a 2003 work injury, he underwent an unsuccessful spinal fusion surgery in 2004, which was corrected by another back surgery in 2005. Although the 2005 surgery did not eliminate his back

pain, it reduced the pain to a level that Phillip could manage with medication; after several years of recovery, he was able to do yardwork, housework, and take walks.

[5] On August 23, 2011, the Longs sued Lopez for negligence, with Kathy making a claim for loss of consortium. A jury trial was held on September 22-24, 2015. Following the October 2009 accident, Phillip underwent treatment from several doctors and physical therapists, several of whom testified at the trial. Phillip testified that he still experienced constant pain in his back and neck. Following the accident, he received injections of various medications, underwent several more procedures, and went to a chiropractor. The doctors who testified at trial acknowledged the acute pain that Phillip experienced as a result of the accident. At least one of the doctors testified, however, that some of the pain Phillip was experiencing in his lower back would have occurred absent the 2009 accident, given Phillip's preexisting condition. Another doctor testified that Phillip reached maximum medical improvement from the 2009 accident within two and one-half months, and that Phillip's current experience of pain could not be attributed to the accident.

[6] At the close of evidence, the Longs moved for judgment on the evidence pursuant to Indiana Trial Rule 50, seeking a judgment that Phillip "was not negligent in any manner in this case" and "as to liability." Appellants' App. p. 33. The trial court granted both motions.

[7] The parties then discussed what final instructions should be given to the jury. The trial court noted, "you'll see an instruction that says the defendant is the responsible party and then . . . instructs the jurors that . . . the only issue is liability—I mean, damages, if any." Tr. p. 241. But the trial court then told the defense, "that does not bar you from, well, he wasn't negligent, but he's the responsible party from the Court's perspective. So it gives each of you something for what that's worth." *Id.* After the parties tried to clarify what the trial court meant, it explained, "If I've equally pissed both of you all off, I've accomplished something." *Id.* at 245. The defense then asked the trial court to give the jury a verdict-for-the-defense form in case the jury found that Lopez was not negligent, and the trial court agreed.

[8] After discussing other issues, plaintiffs' counsel returned to the issue of the negligence instruction: "I feel that it's going to be confusing to the jury to be told that he is the responsible cause on one hand, and then on the other hand be told that they should look into the issue of negligence." *Id.* at 256. The trial court responded, "I can reconcile them, but I don't want to because that gets into the province of me, kind of, construing your argument, okay. After the trial is over, I'll tell you." *Id.*

[9] In closing, defense counsel argued that Lopez had not been negligent and that the jury could enter that as a verdict. He then mentioned the doctor's testimony regarding Phillip's maximum medical improvement, and noted that "the total medical bills for that time period are $24,575.73. If you're inclined to find that Mr. Long was, in fact, negligent, I believe the proven medical bills that would

be due and owing to Mr. Long is that figure . . . ." *Id.* at 285. He also told them that if they were inclined to make an award regarding pain and suffering, "a reasonable verdict . . . which includes that would be probably between $50- to $75,000." *Id.* at 289.

[10] The trial court gave the jury instructions on the definition of negligence and a defense verdict form. It also instructed the jury on its previous finding: "The Court has determined that Defendant, Michael J. Lopez, was responsible for the pedestrian/motor vehicle collision involved in this case. The only issue for your determination is the nature and extent of the Plaintiffs' injuries and damages, if any, proximately caused by the Defendant." Appellant's App. p. 41. The jury found that Lopez was negligent, and it awarded Phillip $24,000 and his wife nothing. The Longs filed a motion to correct error and requested additur. The trial court denied these motions, and the Longs now appeal.

## Discussion and Decision

[11] The Longs challenge the trial court's jury instructions. They also argue that the trial court erred by not granting their motion to correct error or their request for additur.

[12] The manner of instructing a jury is left to the sound discretion of the trial court. *Kimbrough v. Anderson*, 55 N.E.3d 325, 339 (Ind. Ct. App. 2016). Its ruling will not be reversed unless the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury. *Id.* Jury instructions must be considered as a whole and in reference to each other. *Id.* In reviewing a trial

court's decision to give or refuse a tendered instruction, we consider (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support giving the instruction; and (3) whether the substance of the tendered instruction is covered by the other instructions that are given. *Id.* Where the verdict would not have differed had the jury been properly instructed, any error in the giving of instructions is harmless. *Canfield v. Sandock*, 563 N.E.2d 1279, 1282-83 (Ind. 1990). An erroneous instruction is grounds for reversal only where we conclude that, given the totality of the instructions, the opponent's substantial rights were adversely affected. *Lovings v. Cleary*, 799 N.E.2d 76, 79 (Ind. Ct. App. 2003).

[13] In addition, a trial court has broad discretion to correct error. *Childress v. Buckler*, 779 N.E.2d 546, 550 (Ind. Ct. App. 2002). We will reverse such a decision only where the trial court's decision was against the logic and effect of the facts and circumstances before it, together with the inferences that can be drawn therefrom. *Id.*

[14] Lopez argues that the negligence instructions and defense verdict form were appropriate because "[t]he trial court had not found liability as a matter of law," and that therefore the instructions were not confusing or misleading. Appellee's Br. p. 12. But this argument is belied by the jury instruction that informed the jury, "The only issue for your determination is the nature and extent of the Plaintiffs' injuries and damages, if any, proximately caused by the Defendant." Appellants' App. p. 41. Moreover, the trial court granted the Longs' Trial Rule 50 motion for judgment on the evidence regarding Lopez's liability. Trial Rule

50 instructs that, in addition to entering judgment on the issue, "the court shall withdraw such issues from the jury . . . ."

[15] We find that the trial court erred by instructing the jury on an issue that, following the grant of the Longs' Trial Rule 50 motion, the trial court was required to withdraw from the jury's consideration. The instructions were also contradictory, simultaneously asking the jury to determine liability and informing it that it should only consider damages. The question becomes whether this error requires a reversal.

[16] We have previously held that a trial court commits reversible error in instructing the jury on propositions of law not pertinent to the issues or applicable to the evidence. *E.g., Power v. Brodie*, 460 N.E.2d 1241, 1243 (Ind. Ct. App. 1986). In *Power*, the plaintiff was a passenger in a vehicle that ran into another car when the two cars both ran through stop signs. *Id.* at 1242. The trial court gave an instruction to the jury regarding the doctrine of incurred risk, and the jury found in favor of the defendant. *Id.* Because "[t]here was no evidence presented from which to infer that Power had actual knowledge and voluntarily incurred the risk of being struck by another vehicle that had also run the stop sign," we reversed the jury's decision and remanded for a new trial. *Id.* at 1243. A similar issue arose in *Hinkley v. Montgomery Ward, Inc.*, 497 N.E.2d 255 (Ind. Ct. App. 1986). In that case, a plaintiff sued a tire manufacturer after a tire allegedly blew out, which caused his truck to crash into a guardrail. *Id.* at 256. The plaintiff sued under a products liability theory and a breach of warranty theory. *Id.* The trial court gave an instruction to the jury regarding

the type of operator's license the plaintiff was legally required to obtain before driving his truck, and the jury eventually returned a verdict for the defendant. *Id.* We reversed and remanded for a new trial, noting that "unless a causal connection between the injuries and the failure to have a license is shown, the lack of a license is immaterial." *Id.* at 257.

[17] In both of these cases, however, the appellants were appealing from negative judgments. In *Power*, we reversed because the jury's verdict in favor of the defendant could have been based on the impertinent instruction. The same was true in *Hinkley*.

[18] The same cannot be said in this case; the jury returned a verdict in the Longs' favor. The jury's verdict accords with the trial court's ruling that found Lopez to be negligent. Clearly, the Longs suffered no harm in this aspect of the jury's verdict.

[19] Rather, the Longs contend that the improper instructions on negligence resulted in a damages calculation that was lower than it otherwise would have been. A jury is to be afforded a great latitude in making damage award determinations. *Russell v. Neumann-Steadman*, 759 N.E.2d 234, 237 (Ind. Ct. App. 2001). A verdict will be upheld if the award falls within the bounds of the evidence. *Id.* The trial court may only reverse a jury verdict when it is apparent from a review of the evidence that the amount of damages awarded by the jury is so small or so great as to clearly indicate that the jury was motivated by prejudice, passion, partiality, corruption or that it considered an improper element. *Id.*

[20] In some circumstances, a jury's damages award may be inadequate as a matter of law. In *Russell*, the defendant admitted fault for an accident, but despite undisputed evidence of the plaintiff's medical expenses, the jury awarded no damages. 759 N.E.2d at 238. We explained, "The proper remedy in a case such as this, where liability is clear through admission, and where the jury verdict was inadequate as a matter of law, is a new trial on the issue of damages." *Id.* In *Childress*, we affirmed a trial court's grant of a motion to correct error after the jury awarded damages of $1639.00 to a plaintiff who had incurred medical bills and lost wages of at least $4149.00. 779 N.E.2d at 551.

[21] We find both of these cases to be easily distinguishable from the instant case. In *Russell*, the plaintiff received zero percent of her proven damages. In *Childress*, the plaintiff received less than forty percent of her proven damages. Here, in contrast, the Longs acknowledge that at least one expert witness testified that Phillip reached maximum medical improvement after two-and-a-half months, and that he had incurred $24,575.73 in medical bills up to that point. The jury awarded him $24,000.00, or roughly ninety-eight percent of his medical bills. We cannot say that this award was substantially inadequate, or that the trial court erred by denying the Longs' motion to correct error and request for additur.

[22] This case required the jury to determine the extent to which the October 2009 accident aggravated Phillip's longstanding degenerative back problems. The jury had to weigh the testimony of several expert witnesses along with Phillip's testimony regarding his subjective pain levels before and after the accident. In

complicated factual scenarios like this, we rely heavily on juries to use their wisdom and judgment to decide what compensation is appropriate. In this case, the jury was not convinced that Phillip's pain and suffering would not have occurred absent the new accident. Ultimately, the Longs' argument that the extra jury instructions had a subtle psychological effect that influenced the jury to reduce its damages award is pure speculation and is therefore unavailing.

[23] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.